JOHN M. WALKER *vs.* ELEANOR A. ROGERS, EXECUTRIX OF LLOYD N. ROGERS, DECEASED.

PRAYERS, &c.: A REVERSAL OF JUDGMENT NOT ALWAYS CONSEQUENT UPON THE REJECTION OF A CORRECT INSTRUCTION.—It has been repeatedly decided by this Court that a judgment will not be reversed on appeal, if it appears that the law of the case has been correctly laid down for the direction of the jury, or the appellant has not been prejudiced by the instruction actually given, notwithstanding the prayers rejected may have been correct in themselves.

PRAYERS, &c.: COMPENSATION OF AGENT FOR SERVICES RENDERED, RULE AS TO. —In an action to recover the value of services rendered, and the general issue pleaded, where no express contract is proved, and the nature of the employment is to be inferred from the acts of the parties, as—where one is employed by and undertakes to aid and assist another in effecting a sale of property, an instruction offered by the defendant that the plaintiff could not recover unless the jury found that he did "diligently and faithfully occupy his time and render services in aiding R. to effect the sale" is sufficient.

An addition, however, to such prayer by the Court, requiring as essential to the recovery of the plaintiff that the jury should also find "that such services were of advantage and value to the employer in effecting said sale," does not vitiate the prayer, the propositions contained in the prayer and the addition thereto being correlative, and in effect substantially the same.

——: ——: MEASURE OF DAMAGES.—On the question of measure of damages for the services rendered, evidence having been given as to the rate of compensation usually paid in the City of Baltimore for such services, an instruction that the jury "may consider" such evidence in making up their verdict, is in proper form: an instruction that the jury "ought to consider" such evidence, &c., is too peremptory in its terms.

PRACTICE : WITNESS, EXAMINATION OF : EXPERTS, EVIDENCE OF.—Upon the same question, a witness, a property-broker in the City of Baltimore, having been asked the question :—"What, in your opinion, as an expert, would be the value of such services, as proved by the evidence, the plaintiff has rendered the defendant's testator in the City of Baltimore in the year 1860 ?"—upon objection the question was held inadmissible.

APPEAL from the Superior Court of Baltimore City.

This is an appeal from a decision of the Superior Court of Baltimore city. The suit was instituted by the appellant to recover for services rendered by him to Lloyd N. Rogers, in and about the sale of the Druid Hill estate to the Park Commissioners of Baltimore City.

1st *Exception.*—At the trial of the cause the appellant to maintain the issue upon his part joined, offered evidence to prove, that he was a property broker in the city of Baltimore; that he was employed by Lloyd N. Rogers to aid him, and to act as his agent, in effecting a sale of the said Rogers' property, called "Druid Hill," to the Park Commissioners of Baltimore city; that the property was offered to the Commissioners by Mr. Rogers himself; that the appellant, during the pendency of the negotiations for the sale of the property, had frequent interviews with Mr. Rogers, and was active, zealous, and even pertinacious in commending said property to the Commissioners, in urging upon them its purchase, and in endeavoring to remove or answer objections made to its fitness and eligibility as a site for the proposed park; that a sale of the property was made to the Commissioners, and that the usual and customary rate of compensation for services, such as were rendered by the appellant in making said sale, was a commission of 2½ per cent. on amount of sales.

There was no evidence that the appellant failed to render faithfully any of the services for which he was employed, but there was proof from two of the Park Commissioners that they purchased "Druid Hill" on their own judgment, and were not induced to make the purchase by the representations or exertions of the appellant.

2nd *Exception.*—In the progress of the trial, the counsel for the appellant asked of a witness, who was a property broker in the city of Baltimore, the following question: "What, in your opinion as an expert, would be the value of such services as proved by the evidence the plaintiff had rendered to the defendant's testator in the city of Baltimore?" The Court (MARTIN, J.,) refused to permit this question to be put, and to this refusal the appellant excepted.

The following prayer was then offered on the part of the appellant:

"If the jury find from the evidence, that the plaintiff was engaged in the business of a property broker in the city of Baltimore, and that Mr. Rogers, the testator of the defendant, offered certain property for sale to the Park Commissioners of said city, and that he employed the plaintiff to aid and assist him in effecting said sale, either by previous employment, or the acceptance of the plaintiff's agency and the adoption of his acts, and that the plaintiff did diligently and faithfully occupy his time and render services in so aiding him (Rogers) to effect said sale, and a sale of said property to said Commissioners was in a short time made and effected, then the plaintiff is entitled to recover; and if the jury shall find the preceding facts, then, in ascertaining what amount the plaintiff shall recover, the jury ought to consider the rate of compensation which they may find from the evidence was usually paid in said city for services of a like kind, and if they shall not find that there is any particular rate of compensation shown by the evidence to have been usually paid for such services, then the plaintiff is entitled to recover such sum as the jury may find from the evidence is a reasonable remuneration for his said services."

Several prayers were offered on the part of the appellee, which, as they were rejected by the Court below, and no appeal was taken by her, it is not necessary to notice further. The Court below rejected the prayer of the appellant, as well as those of the appellee, and gave the following instruction to the jury:

"I instruct the jury, that if they find from the evidence that the plaintiff was engaged in the business of a property broker in the city of Baltimore, and that the testator of the defendant offered certain property for sale to the Park Commissioners of said city, and that he employed the plain-

tiff to aid and assist him in effecting said sale, either by previous authority or the acceptance of plaintiff's agency, and the adoption of his acts, and that the plaintiff did diligently and faithfully occupy his time and render services in so aiding him to effect said sale, and a sale of said property to said Commissioners was in a short time made and effected, and that said services were of advantage and value to the defendant's testator in effecting the said sale, then the plaintiff is entitled to recover such sum as the jury may find from the evidence to be a reasonable remuneration to the plaintiff for said services ; and in ascertaining what is a reasonable remuneration, the jury may consider the rate of compensation, which they may find from the evidence was usual and customary in the said city for services of a like kind.''

The appellant excepted to the rejection of his prayer, and to the instruction given by the Court, and this constitutes the second exception.

*I. Nevett Steele and Ferdinand C. Latrobe* for the appellant.

1st. It is contended for the appellant that the Court below erred in its rejection of his prayer and in its instruction to the jury,

Because, if a person is employed by another to render certain services or do certain acts, with a view to the accomplishment of a given object, and faithfully renders the services and does the acts for which he was employed, and the proposed object is accomplished, then such person is entitled to recover a reasonable remuneration for his services, and his employee cannot resist the payment of such remuneration, on the ground that the accomplishment of the proposed object was not attributable to, or the result of, said acts and services, and that the object would have been attained without them. By the instruction of the Court

below, the right of the appellant to recover, was erroneously made to depend on the decision of the question, whether his acts and services had been "of advantage and value" to Mr. Rogers in effecting the sale, so that although as Mr. Rogers' agent he had rendered precisely the services which he was employed to render, yet he could not recover, because the Commissioners in making the purchase acted on their own judgments, and were not conscious of being influenced by him. Mr. Rogers did not choose to run the risk of the Commissioners relying exclusively on their own judgments in making the purchase, but thought proper to guard against and provide for the contingency of their leaning to a greater or less extent on the opinions and representations of others, and ought to pay for the services he required for that purpose. *Chitty on Cont.*, 480, 481.— *Moneypenny vs. Hartland*, 1 *Carr. & P.*, 352, 354. *Howard vs. Holliday*, *Id.*, 384. *Speaks vs. Sheppard*, 1 *H. & J.*, 84, 85. *Rodemer vs. Hazlehurst*, 9 *Gill*, 296. *Miles vs. Bernard*, *Peeke's Addl. Ca.*, 61. *Farnworth vs. Garrard*, 1 *Camp.*, 36. *Underwood vs. Lyceum*, 5 *B. Munroe*, 129. *Murray vs. Currie*, 7 *Carr. & P.*, 584. *Calvert vs. Cox*, 1 *Gill*, 95. *Canby vs. Frick*, 8 *Md. Rep.*, 163.

2nd. It is contended for the appellant, that he had a right to prove by an expert the market value or price in Baltimore of the services rendered by the appellant. *Hays vs. Busk*, 5 *Taunt.*, 521.

*J. Mason Campbell* and *Daniel M. Thomas* for the appellee.

Upon the first bill of exceptions, the appellee's counsel contended, that the action of the Court below was right in refusing to allow the plaintiff to put the question offered to the witness Harvey. The question was put in a form decided by this Court to be inadmissible. *B. & O. R. R. Co. vs. Thompson*, 10 *Md. Rep.*, 76, 84. *Sills vs. Brown*, 9 *Carr.*

16     v. 24.

& P., 601. 1 *Greenlf. Ev.*, sec. 440. The proper shape
for such a question appears in *Spear vs. Richardson*, 37 *N. H.*, 23.

Besides, apart from any criticism on the form of the question, this was no case for the opinion of an expert. *Norman vs. Wells*, 17 *Wend.* 136–162–163. *Carter vs. Boehm*, 3 *Burr.*, 1905–1913–1918.

The witness having already stated that he knew of no usage in cases of this sort, it was only admissible for him to state facts, from which the jury might estimate the value of the services rendered. *Calvert vs. Coxe*, 1 *Gill*, 95–123 –124. *Murray vs. Currie*, 32 *Eng. C. L. Rep.*, 584–641.

Upon the second bill of exceptions, they contended that the plaintiff's prayer was manifestly incorrect, and the Court properly refused to grant it.

1st. Because it took from the jury the question whether the services of the plaintiff were of value to the defendant's testator, in having contributed in any way to the consummation of the sale. *Keener vs. Harrod & Brook*, 2 *Md. Rep.*, 63. *Wilkinson vs. Martin*, 34 *Eng. C. L. Rep.*, 267. *Mexican Cases*, 20 *Howard*, 539. *Hamilton vs. Holliday*, 1 *Carr. & P.*, 384. *Chilton vs. Butler*, 1 *E. D. Smith*, 150. *Carroll's Admrs. vs. Quynn*, 13 *Md. Rep.*, 388.

2nd. Because it made it compulsory with the jury to consider the rate of compensation usually paid for such services, whereas the true rule was to leave it discretionary with the jury to take into consideration or not, such usual rate of compensation. *Calvert vs. Coxe*, 1 *Gill*, 95. *Brown vs. Nairn*, 9 *Carr. & P.*, 204. *Murray vs. Currie*, 32 *Eng. C. L. Rep.*, 267. *Story on Agency*, sec. 326. *Canby vs. Frick*, 8 *Md. Rep.*, 163, 168.

If the above views are correct, the instruction given to the jury by the Court below must be sustained, as it is the same instruction asked for the plaintiff, with the qualifications required by the principles above contended for.

WEISEL, J., dissented in part from the decision of the majority of the Court, and delivered the following opinion:

The appellant was plaintiff below. He sued the appellee in the Superior Court of Baltimore City, in *indebitatus assumpsit*, and declared,

1st. For money payable by the defendant to him. 2d. For work done by the plaintiff for Lloyd N. Rogers, in his life time, at his request, laying damages at $16,000.

The general issue plea, that "the said Lloyd N. Rogers was never indebted as alleged," was put in.

The plaintiff in support of the issue on his part, adduced proof of his occupation as a property broker in the city of Baltimore, in the year 1860 ; of his employment by Mr. Rogers in relation to the selling to that city of his estate of Druid Hill for a public park; of his efforts with the Park Commissioners in furtherance of the sale, and of the sale made of that estate for that purpose, and then, in proving the value of his services, propounded to one of the witnesses, Mr. Harvey, a property agent in Baltimore, this question, "What, in your opinion as an expert, would be the value of such services as proved by the evidence, the plaintiff had rendered to the defendant's testator in the city of Baltimore in the year 1860 ?"

To the admissibility of this question the defendant objected, and the Court sustained the objection, declaring at the same time that the evidence of said witness in reply to the question, would not be admissible. The first exception is to this ruling of the Court.

We think the Court committed no error in excluding the question, and the answer it was designed to elicit. It was not propounded to him, assuming that he was an expert, in the proper form. It asked his opinion upon the value of services as proved by the evidence. This assumed the fact that certain services had been rendered, and he was asked

his opinion as to their value, whilst they were to be found by the jury. The rule is, that where facts are doubtful and remain to be found by the jury, it is improper to ask one examined as an expert who has heard the evidence, what is his opinion upon them, though he may be asked his opinion upon a similar case hypothetically stated. 1 *Greenlf. Ev. sec.* 440. This rule was adopted and distinctly applied by this Court in the case of the *Balt. & Ohio R. R. Co. vs. Thompson,* 10 *Md. Rep.*, 83, 84. See also *Sills vs. Brown,* 9 *Carr. & P.*, 601, and *Spear vs. Richardson,* 37 *N. H.*, 28, 34. Besides, the witness (as shown by his testimony) could not speak as to any usage in cases of the kind then before the jury, and what he knew of prices was only from his own dealings, in cases of a different sort, and that cases of this kind were generally matters of special contract.

All the proof being in, the plaintiff submitted one prayer to the Court, and the defendant four, all of which were rejected, and in lieu thereof the Court gave its own instruction to the jury. To the granting of this instruction, and the refusal to grant his prayer, the plaintiff excepted, and the verdict being against him, he has prosecuted this appeal.

The instruction given by the Court varies in two particulars from that asked by the plaintiff. The principal difference consists in this, that the Court put it to the jury to find, as essential to the plaintiff's recovery, that "the services rendered by the plaintiff were of advantage and value to the defendant's testator in effecting said sale."

Construing this to mean that unless the services so rendered actually promoted or effected the sale, the plaintiff was not entitled to recover, I think the Court erred in giving such an instruction. As a general rule the plaintiff's right to recover on a *quantum valebat* or *quantum meruit*, does not depend upon the advantage or benefit

which the defendant derives from the article sold or the service rendered. The plaintiff's outlay in time, labor or money is the foundation of the right to recover, and these or any of them, being expended faithfully and diligently in his service, in pursuance of the employment, and for the purpose of accomplishing the proposed object, the defendant cannot rightfully resist a claim for the services on the ground that he received from them no beneficial result. Unless the plaintiff took the risk or placed his right to recover on the contingency that his efforts should actually avail to produce the result, it is difficult to perceive why a faithful and diligent discharge of his duty should not meet with its appropriate reward. If he was not employed to find a purchaser or to effect a sale, but simply to assist in making the sale, and if he did so aid and assist, and a sale was made, he is entitled to such compensation as his services were worth. The plaintiff's prayer and the Court's instruction both go upon the ground that the services were faithfully and diligently rendered. If such had not been the case, but on the contrary one of negligence, unskillfulness and injury were presented, the defendant could rely upon this state of facts either to defeat the action altogether or to reduce the claim. This is the distinction which to my mind pervades all the cases which have been relied upon in this case. *Chitty on Cont.*, 480, 481. *Miles vs. Bernard, Peake's Addl. Cases*, 61. If the agent has done all he was bound to do, he is entitled to compensation. *Hammond vs. Holliday*, 1 *Carr. & P.*, 384. *Murray vs. Currie*, 7 *Carr. & P.*, 584, in which LORD DENMAN held that where the purchaser stated that he did not buy the estate on account of any character of the plaintiff's office, but from his own observation, yet if the plaintiff found the purchaser, he was entitled to his commission, though another agent made the sale. So in this case, if the plaintiff was engaged to assist in making the sale, and made

efforts accordingly, though the witness stated that Druid Hill, when seen, sold itself, and such was the fact, this is not to defeat the plaintiff's right to remuneration for whatever services he rendered.

A further objection to the instruction given by the Court was, that it did not sufficiently impose upon the jury the duty of considering the evidence relating to the rate of compensation usually paid in the city of Baltimore for such services, that it left it by the use of the words *may* consider optional with the jury to consider it or not, whereas it was their duty to consider it, not exclusively, but with the other facts upon the subject of damages, and to give to it its proper force if found to have any.

There is no force in the objection when compared with this part of the Court's instruction. The latter does not conflict with it, but presents to the jury with sufficient clearness and force, their duty with regard to the evidence on this branch of the case. It was not binding upon the jury, but they would have the right to look to it in making up their judgment. *Canby vs. Frick*, 8 *Md. Rep.*, 168. In this light the instruction as given in this particular, is regarded and pronounced correct. The language of the plaintiff's prayer in this respect was too strongly put, and for that cause was faulty.

In this view of the case the instruction of the Court below was erroneous, so far as it put it to the jury to find, in connection with the other hypothesis it embraced, that "the services of the plaintiff were of advantage and value to the defendant's testator in effecting said sale;" and the judgment for that cause should be reversed and a *procedendo* awarded.

As this opinion however is not concurred in by a majority of the Court, on the second bill of exceptions, and the judgment below will therefore be affirmed, it is not necessary for me to notice the defendant's prayers.

BARTOL, J., delivered the opinion of the Court.

Two exceptions were taken to the ruling of the Superior Court in this case; the first involving a question of evidence, the second arising upon the action of the Court on the prayers.

As to the first exception the opinion of this Court is, that there was no error in sustaining the objection to the question propounded to the witness Harvey. Upon this point we all agree with the views expressed by our brother WEISEL, and without adding anything further in support of a proposition that seems to us to be free from difficulty, we rest the decision of this part of the case upon the authorities cited by him in his opinion.

The second exception was taken by the plaintiff below to the rejection of his prayer, and to the instruction given by the Court to the jury.

It has been repeatedly decided by this Court that a judgment will not be reversed on appeal if it appears that the law of the case has been correctly laid down for the direction of the jury, or the appellant has not been prejudiced by the instruction actually given, notwithstanding the prayers rejected may have been correct in themselves.

Here two objections are made by the appellant to the instruction given by the Court below: The first referring to the grounds of the plaintiff's action or right to recover—the second to the measure of damages or rule by which the jury was to be governed in estimating the rate or standard of compensation. The objections will be considered in the order stated.

First, as to the ground of the action. In comparing the plaintiff's prayer with the instruction of the Court, it is not easy to discover any substantial difference between the propositions of law they respectively contain, at least so far as they affected the grounds of the action. The

theory of the plaintiff's prayer was, that in order to entitle him to recover, the jury must find. 1st. "That he was employed by Rogers to aid and assist him in effecting the sale of the property." 2nd. "That he did diligently and faithfully occupy his time and render services in so aiding him (Rogers) to effect said sale;" and 3d. "That the sale was effected." In the Court's instruction the same propositions are stated in the identical words of the prayer, with the additional words, that "such services were of advantage and value to Rogers in effecting the said sale." To this part of the instruction the appellant objects on the ground that the services of the plaintiff being rendered under his employment, he is entitled to compensation whether Rogers derived any benefit from them or not.

We agree that where a party is employed to do a specified work, and there is no price agreed on, if he does the work he is employed to do, he may recover upon a *quantum valebat* or *quantum meruit* the value of his time and labor without reference to the benefit or advantage actually derived therefrom by the defendant. In such case the whole risk of the work's answering the purpose designed is taken by the defendant. But this case is one of a different sort, growing out of the very nature of the contract sued on. No express contract is proved, but the nature of the employment is to be inferred from the acts of the parties. The plaintiff was not employed as a broker to find a purchaser or to sell the property; according to the theory of the plaintiff's prayer, as well as of the Court's instruction, he undertook to *aid and assist* Rogers in effecting the sale. The plaintiff, by his prayer, conceded that he could not recover unless the jury found that he did "diligently and faithfully occupy his time and render services in aiding Rogers to effect the sale,"· that is, not merely that he should have had the intention and purpose of aiding and assisting to effect the sale, but that what he

did should be so done as to have that effect.    Now, the Court's instruction, as we construe it, means substantially the same thing.    It is impossible that the plaintiff could have rendered aid and assistance, and yet Rogers not have been aided and assisted by what he did.    These are correlative propositions, and when the Court told the jury they must find that Rogers received benefit and advantage from the acts of the plaintiff, it stated substantially the same proposition as that contained in the plaintiff's prayer.

The result of the argument of the appellant would be, that although his undertaking was to aid and assist Rogers in effecting the sale, he is entitled to recover, notwithstanding the jury may find that he did not, in fact, aid or assist in effecting the sale.

There was evidence in the cause that the plaintiff represented other property which was offered for sale as a public park, and which entered into competition with the property of Rogers.    It was also proper for the jury to consider upon all the evidence whether what was done by the plaintiff in behalf of Rogers was done in such discreet and skillful manner as to promote the object designed.    It would not have been proper for the Court to withdraw from the consideration of the jury the question whether the services of the plaintiff were rendered in a negligent or unskillful manner ; and no better test of that could be given than whether Rogers derived any benefit or advantage from them.

In *Chitty on Contracts*, 481, the author says, in speaking of the question of skill and diligence of an agent : "But if the principal derive any benefit from the act of his agent, the latter is entitled to a proportionate compensation," and cites the decision of Best, C. J., in *Hammond vs. Holliday*, 1 *Carr. & P.*, 384.    It would follow, of course, in such a case, if no benefit is derived by the principal the

agent would be entitled to no compensation.   The same test was applied ·by LD. ELLENBOROUGH in *Farnsworth vs. Garrard*, 1 *Camp.*, 38, where the Court said: "The plaintiff is to recover *what he deserves;* it is, therefore, to be considered how much he deserves, or if he deserves anything.   If the defendant has derived no benefit from his services, he deserves nothing, and there must be a verdict against him.

We are of opinion that the first objection to the instruction given by the Superior Court in this case is not well founded.

As to the second objection we are all of opinion that the instruction was correct, and on this point we refer to what has been said by our brother WEISEL in his opinion— merely adding that the evidence of usage was so vague and indefinite as to make it questionable whether the defendant might not have justly complained of the action of the Court in submitting it to the jury at all.   Waiving this point, however, we are clearly of opinion that the plaintiff was not entitled to ask for an instruction to the jury in the peremptory form of the prayer.   But inasmuch as the jury have found that the plaintiff was not entitled to recover anything, the appellant would not be entitled to a reversal, even though there was error in that part of the instruction touching only the measure of damages.

Finding no error in the Court's instruction to the jury, the judgment will be affirmed.

*Judgment affirmed.*