## GEORGE T. GAMBRILL vs. JOHN W. SCHOOLEY.

*Contracts—Recovery for Services on Quantum Meruit— Instructions to the Jury—Sufficiency of Evidence.*

A person employed to do work for another, when no price is agreed upon, may recover upon a *quantum meruit* for the value of his services without reference to the benefit actually derived therefrom by the defendant.

Unless a special exception be taken at the trial to a prayer on the
ground that there is no evidence in the case to support its hypothesis,
such objection cannot be entertained on appeal.

Plaintiff was employed by defendant under a written contract to per-
form certain services for a certain length of time.   After the expira-
tion of that period plaintiff alleged that he continued to work for
defendant under a new oral agreement, while this was denied by the
defendant.   The evidence was conflicting.   In an action to recover
for the services so rendered, *Held,* that if the jury found that the
subsequent agreement was made, then the plaintiff was entitled to
recover the amount agreed upon, and evidence as to the value of his
services is neither competent nor necessary.

Appeal from the Circuit Court for Washington County
(STAKE, J.)

The cause was argued before McSHERRY, C. J., FOWLER,
BRISCOE, PAGE, BOYD and SCHMUCKER, JJ.

*George Whitelock* (with whom was *William Kealhofer* and
*J. Clarence Lane* on the brief ), for the appellant.

*Hy. Kyd Douglas* and *Alexander R. Hagner,* for the ap-
pellee, submitted the cause on their brief.

PAGE, J., delivered the opinion of the Court.

This suit was brought to recover from the appellant for
services alleged to have been rendered by the appellee and
for certain merchandise.   The bill of items, filed with the
declaration, shows that the claim is for thirty-three months
service at the rate of fifty dollars per month.   The amount
alleged to be due for merchandise is not in dispute.   The
appellee admits that his claim is subject to be credited by
such sum as may be due to the appellant on account of
three notes mentioned in the proof.

The single exception is to the action of the Court upon
the several instructions asked for by the respective parties.

The proof shows, that in July, 1892, the parties entered
into a written agreement, by which, in consideration of cer-
tain services to be rendered by the appellee in running the
business of the appellant at Roxbury Station, and also in

performing clerical work at the Roxbury Distillery, the appellee was to receive from the appellant thirty dollars per month, and to have the dwelling and other houses mentioned in the contract, at Roxbury Station, on the B. & O. Railroad, rent-free for two years from the second day of August following. Two or three months after the appellee took charge of the business, the appellant paid him fifty dollars per month instead of thirty, and continued so to do until July, 1895. It was contended by the appellant that the appellee was discharged from the former's service at that time, but this was not conceded by the appellee, who claims that he was continued in the service of the appellant under a new agreement, and performed such service, up to the first day of April, 1898. There was evidence offered by both parties, to establish their respective contentions. At its conclusion the appellee asked the Court to instruct the jury that if they found that the plaintiff was in the service of the defendant for the time mentioned in the contract, "and since the expiration" of that period, "and at a compensation or salary agreed upon between them," and that the plaintiff rendered the services charged for, then their verdict must be for the plaintiff, &c., subject to the amount due on notes and "other proper charges." It may be stated that the services for which the appellee seeks to be paid were rendered, after the expiration of the written contract, that is, after the first day of July, 1895. The prayer requires the jury to find that "services charged for" were so rendered, and were rendered "at a compensation or salary agreed upon between them;" and if the jury found these facts, it not having been shown that the services had not been paid for, it would be their clear duty to find for the plaintiff. In that event, the amount of the compensation or salary provided for by the agreement would constitute the measure of damages, and evidence as to the value of the services, for the purpose of ascertaining what should be the amount of the verdict, would be impertinent. The special exception to the granting of this

prayer, was, "because there was no evidence as to the value of the services." The theory of the prayer, however, is founded upon the assumption that there was evidence as to an agreement between the parties, by which the compensation was fixed, and no special exception having been reserved on this point, this Court cannot enquire under the fourth rule, whether there was such evidence or not. *Albert* v. *State*, 66 Md. 325.

It is also well settled, that where the contract has been executed on the part of the plaintiff, and the time of payment has passed, a suit can be maintained on the special contract, or in general assumpsit, and in the latter case the measure of damages will be the rate of recompense fixed ·by the special contract. *Appleman* v. *Michael*, 43 Md. 269; *Jenkins* v. *Long*, 8 Md. 132.

The appellant presented to the Court six instructions, five of which were allowed, and one, the fourth, was refused. The rejected prayer was, that if the jury " shall find that the contract of August, 1892, was mutually ended in July, 1895, and that Schooley rendered no further services under said contract, that then, under the pleadings and evidence in this cause, there is no legally sufficient evidence of the value of any services rendered by Schooley, after July 1st, 1895, to entitle him to recover for the same."

The jury were to be told by this prayer, in substance, that if the contract of 1892 was terminated, there was no evidence sufficient to enable them to make a reasonable estimate of the value of the subsequent services of the appellee ; that is, no estimate that could " in justice and judicial propriety be allowed to stand." *Sprigg* v. *Moale*, 28 Md. 509.

If the written contract had been " mutually ended " and other services different in extent and character were rendered, no just estimate of their value could be derived from its terms. If a " party is employed to do work and no price is agreed on, if he does the work, he may recover upon a *quantum valebant* or *quantum meruit*, the value of his

time and labor, without reference to the benefit or advantage actually derived by the defendant." *Walker* v. *Rogers*, 24 Md. 248. But in this case there was some evidence of a special agreement under which this work was done, and by which the appellee's compensation was fixed. Whether the proof was of such force as to require the jury to believe it, is not within our province to determine. The appellant testified that he (the appellee) was to " attend to his own business and leave the appellant's alone"—that the appellee was " to go on there and do little things for him and that he would charge him no rent"—and that if anything wanted attention, * * * * he should attend to them for him, &c., &c." There was also evidence that after that, the appellee did " go on there " and perform various services. If the jury believed this evidence and further found that the services were performed in consequence thereof, they could have found that the subsequent services were rendered, upon a new agreement, by which the appellee was to be compensated by the liberty to occupy the premises rent-free. And if they so believed, the measure of the compensation would be the rental value of the property, and if the appellee had been already paid, either by occupying the property, or by receiving the value of the rent in money, there would have been no right of recovery. The prayer ignored this evidence, and was therefore properly rejected.

*Judgment affirmed.*

(Decided June 21st, 1899).