## WILLIAM A. ZELL vs. RYLAND R. DUNAWAY.

*Court of Appeals; prayers; legal sufficiency of evidence. Code
Public General Laws, Article 5, section 9. Conceded Pray-
ers. Assault and battery; self-defense. Damages; evi-
dence; health and condition before injury;
pecuniary condition of defendant;
vindictive damages.*

Under the Code of Public General Laws, Article 5, section 9, the .
Court of Appeals is precluded from examining the legal suffi-
ciency of evidence to support a prayer, unless it appears by
the record that the question was distinctly made to, and
decided by the Court below; and the objection and the Court's
ruling thereon must appear in the record by a special excep-
tion properly signed by the trial Court.                    pp. 4-5

In determining whether the jury was properly instructed, the
Court of Appeals will consider all the granted prayers as set
forth in the record.                                        p. 5

Conceded prayers become the law of the case.                p. 6

In an action for assault, the defendant's belief that the plaintiff
intended to do him bodily harm can not support a plea of
self-denfense unless it was a belief such as a reasonable person
would entertain under like circumstances; whether there was
such a reasonable belief is a question for the jury.        p. 6

It is not error to reject a prayer when one of practically iden-
tical effect has been granted.                              p. 6

In an action of assault and battery if the jury find from the
evidence that the defendant struck and beat the plaintiff as
alleged, in estimating damages they may consider the plain-
tiff's health and condition before the injury complained of,
compared with his condition after the injuries, and whether
the effects are permanent in their nature; also the physical
and mental suffering of the plaintiff; they may also consider
the condition in life and the pecuniary circumstances of the

·defendant, and allow the plaintiff such damages as in their ·opinion will be a fair and just compensation for the injuries :sustained; and if the jury find that the assault was wanton, unprovoked and excessive they may inflict vindictive and punitive damages upon the defendant. p. 4

In an action of assault and battery the following prayer on behalf of the defendant was granted:—"If the jury should find from the evidence that the defendant struck the plaintiff and that the defendant had reason to believe and did believe that at the time he struck him, that the plaintiff was about to deal him a blow, then their verdict must be for the defendant, provided the jury find that the injury to the plaintiff was not done by the use of unnecessary force and violence." *Held,* that it was not inconsistent with this prayer to grant a prayer of the plaintiff, which in stating what circumstances ˉwould have justified a battery in self-defense, states that the ·circumstances must have been such as would have induced a reasonable man of average prudence to make a prior assault .in order to protect himself. pp. 5-6

*Decided January 11th, 1911.*

Appeal from the Circuit Court for Anne Arundel County (BRASHEARS, J.).

The prayers referred to in the opinion of the Court are as follows:

*Plaintiff's 2d Prayer.*—If the jury find from the evidence that the defendant assaulted and beat the plaintiff on or about the 25th day of August, 1909, then their verdict must be for the plaintiff, unles the jury further find that the plaintiff first assaulted the defendant or that the defendant in assaulting the plaintiff was acting in self defense, that is to say, that the circumstances under which the defendant assaulted the plaintiff were such as would have induced a reasonable man of average prudence to make a prior assault in order to protect himself. (*Granted.*)

*Plaintiff's 4th Prayer.*—The Court instructs the jury that if they find from all the evidence in this cause that the defendant struck and beat the plaintiff as alleged in the plaintiff's declaration then in estimating the damages they are to consider his health and condition before the injuries complained of as compared with his present condition in consequence of said injuries and whether they are in their nature permanent and also the physical and mental suffering to which he has been subjected, by reason of said injuries and they may also consider the condition in life and the pecuniary circumstances of the defendant and allow the plaintiff such damages as in the opinion of the jury will be a fair and just compensation for the injuries which he has sustained. (*Granted.*)

*Plaintiff's 5th Prayer.*—That if the jury believe from the evidence in the cause that the plaintiff was injured by the defendant as alleged by the plaintiff and that the assault and battery was wanton, unprovoked and excessive in its nature then they can inflict vindictive and punative damages upon the plaintiff*. (*Granted.*)

*Defendant's 2d Prayer.*—If the jury believe from the evidence in the case that the plaintiff was struck and injured by the defendant, and do believe that the defendant when he struck the plaintiff was acting for the protection of his own body then their verdict must be for the defendant provided they find that the injury to the plaintiff was not done by the use of unnecessary force and violence. (*Refused.*)

The cause was argued before BOYD, C. J., BRISCOE. PEARCE, SCHMUCKER, BURKE, THOMAS, PATTISON and URNER, JJ.

*A. T. Brady* and *Jerry L. Smith,* for appellant.

*Joshua Horner, Jr.,* and *Robert H. Stevenson,* for appellee.

*Should read defendant—REP.

Briscoe, J., delivered the opinion of the Court.

This is an action for assault and battery brought by the plaintiff against the defendant, on the 15th day of September, 1909, in the Circuit Court for Anne Arundel County. The trial of the case, resulted in a verdict and judgment, in favor of the plaintiff for the sum of $800.00 and the defendant has appealed.

The record contains a single bill of exception, reserved at the trial of the case, and that is, to the action of the Court, in granting the plaintiff's second, fourth and fifth prayers and in rejecting the defendant's second prayer.

The plaintiff's first and third prayers were rejected and the defendant's first prayer was conceded. The Court Reporter will set out the controverted prayers, in his report of this case, that is, the plaintiff's second, fourth and fifth prayers, and the defendant's second prayer.

The sole question then presented for our consideration, on the record in this case, is the ruling of the Court, upon the prayers embraced in the defendant's exception.

As to the propositions of law, contained in the plaintiff's fourth and fifth prayers little need be said. Similar prayers were approved by this Court in *Sloan* v. *Edwards,* 61 Md. 89, and subsequently sanctioned by us in the more recent case of *Stockham* v. *Malcolm,* 111 Md. 615. They were practically damage prayers and contained the legal propositions properly applicable to the facts of the case, in estimating the damages to be awarded, if the jury should find their verdict for the plaintiff.

It is, however, insisted upon the part of the appellant, that the evidence was insufficient to support the prayers, as granted, and it was error to grant an instruction upon any proposition of law, when there is no proof to sustain it. It appears, however, there were no special exceptions to these prayers in the Court below for the insufficiency of evidence to support them, and it is well settled, that this Court is precluded by Article 5, section 9 of the Code, Public General Laws (Rule 4 of this Court) from examining the legal suf-

ficiency of the evidence to support a granted prayer, unless it appear that such question was distinctly made to and decided by the Court below. The objection and the ruling thereon must appear in the record by a special exception, properly signed by the Court. *Albert* v. *State*, 66 Md. 325; *Gambrill* v. *Schooley*, 89 Md. 548.

In *Gunther* v. *Dranbauer*, 86 Md. 11, it was distinctly said: "No exception, having been taken in the Court below to the granting of the first instruction on the ground there was no evidence to support the facts alleged to be assumed by it, we are not at liberty to consider such an objection made for the first time in this Court." In the case of *Annapolis Gas. Co.* v. *Fredericks*, 112 Md. 456, relied upon by the appellant, there was a special exception to the prayer for the want of evidence to sustain it, and in the absence of such evidence the Court held the special exception to the prayer should have been sustained and the prayer refused.

The correctness of the legal propositions contained in these two prayers, we think, are free from criticism, and as the legal sufficiency of the evidence, upon which they rest, is not before us for review we express no opinion upon it.

The plaintiff's second prayer is in these words: "If the jury find from the evidence that the defendant assaulted and beat the plaintiff on or about the 25th day of August, 1909, then their verdict must be for the plaintiff, unless the jury further find that the plaintiff first assaulted the defendant or that the defendant in assaulting the plaintiff was acting in self-defense, that is to say that the circumstances under which the defendant assaulted the plaintiff was such as would have induced a reasonable man of average prudence to make a prior assault in order to protect himself."

This instruction, as granted by the Court, in connection with the defendant's first prayer, which was conceded and which presented the defendant's theory of the assault, we think, fairly instructed the jury as to the law upon the case. We find no such inconsistent ruling or conflict, between the plaintiff's second prayer and the defendant's conceded prayer

as would justify a reversal of the judgment. The defendant's first prayer (the conceded prayer) in effect, instructed the jury that if they found from the evidence that the defendant struck the plaintiff and they further find that the defendant had reason to believe and did believe at the time he struck him, that the plaintiff was about to deal him a blow then their verdict must be for the defendant provided the jury find that the injury done the plaintiff was not done by the use of unnecessary force and violence. While the concession of this prayer made the legal proposition which it contained the law of the case, and the insertion in the second prayer on the part of the plaintiff in defining self-defense, "that the circumstances under which the defendant assaulted the plaintiff was such as would have induced a reasonable man of average prudence to make a prior assault in order to protect himself," was not so inconsistent or in conflict with the conceded prayer, as to have misled or confused the jury or to have prejudiced and injured the defendant's case.

The defendant's belief, that the plaintiff intended to do him a bodily injury to justify a plea of self-defense, must have been such as a reasonable person would entertain under like circumstances, and whether his belief was a reasonable one under the circumstances was clearly a question for the jury. *Courvoisier* v. *Raymond,* 23 Col. 120; *Morris* v. *Platt,* 32 Conn. 83; *Hulse* v. *Tollman,* 49 Ill. App. 490; 3 *Cyc.* 1074; *R'y. Co.* v. *Jopes,* 142 U. S. 21; *Sloan* v. *Edwards,* 61 Md. 104; *Stockham* v. *Malcolm,* 111 Md. 621.

We find no error in the rejection of the defendant's second prayer, as it was practically identical in effect, as the defendant's first prayer. We do not understand it to be seriously urged that the defendant's case was in any way injured or prejudiced by the rejection of this prayer.

We shall not stop to consider the proof on which the rulings of the Court, on the prayers in this case rest. It is proper, however, to say, that it shows beyond dispute, that a violent assault was committed by the defendant upon the plaintiff and that he was compelled to seek both medical and

hospital treatment from the effects of the injury. The defendant's plea of necessary self-defense, or an assault justified, was fully and fairly submitted to the jury by the prayers we have passed upon.

There can be no serious difficulty as to the legal principles applicable to a case like this, and as we fail to find any reversible error, in the rulings of the Court, the judgment will be affirmed.

*Judgment affirmed, with costs to the appellee.*