# ANNA K. DREYER ET AL.

## vs.

# WILLIAM FORREST WELCH, EXECUTOR, ET AL.

*Testamentary Capacity—Evidence—Dying Declaration as to Will—Burden of Proof—Instructions.*

On an issue as to the validity of a will in favor of the husband of testatrix, her declaration, a short time before her death, that she had "made a will to her husband" was admissible to overcome and discredit the testimony of a physician who saw her several weeks before the execution of the will, that she was then permanently insane and could not recover.        p. 221

Such a declaration by testatrix could not be considered by the jury as a ratification of the will, the validity of which was in question, and the caveators were entitled to a specific instruction to that effect.        p. 222

That testatrix was "wholly insane" at some time prior to the date of the will does not impose on the caveatees the burden of satisfying the jury that she had fully recovered at that date, since she might well have been wholly insane merely temporarily.        p. 224

It was proper to refuse a prayer that, if the jury find that testatrix was at any time wholly insane before the date of the will, the burden is on the caveatees to satisfy the jury that she had fully recovered or was of sound and disposing mind able to make a valid deed or contract on that date, not only as stating an erroneous proposition of law, but also as failing to bring the matter of recovery into close relation with a previous incapacity, so as to preclude the jury from assuming that there must have been a full recovery in case there had been a mere delusion not affecting the testamentary capacity of testatrix.        p. 224

A prayer that the testatrix is presumed to have been of sound mind at the time of executing the will, and that the caveators are bound to satisfy the jury of the contrary, was not defective because it did not instruct the jury as to when the

burden of proof shifts, it not implying that the caveators were bound to bring their proof down to the date of the will.   p. 225

A prayer instructing the jury as to when the burden of proof shifted would not have been inconsistent with the above prayer.
p. 225

The burden on the caveators of showing lack of testamentary capacity at the date of the will is discharged by evidence satisfying the jury of the existence of permanent or continuing insanity at an earlier date, since a presumption would then arise, in the absence of proof to the contrary, that such condition continued.      p. 225

It was proper to grant a prayer of the caveatees that testatrix had sufficient mental capacity if she was at the time "of sound and disposing mind, and capable of making a valid deed or contract," and that these words mean that she understood the nature of the business in which she was engaged, recollected the property of which she meant to dispose, and the person to whom she meant to give it, understood the manner in which she disposed of it, and the relative claims of the different persons who were or might be the object of her bounty.      p. 225

That the prayer ignored all testimony as to illusions and hallucinations is not a valid objection, it not being incumbent upon caveatees to ask instructions as to these alleged conditions, and the prayer as granted not placing any burden of proof on the caveators in reference thereto.      p. 225

It was proper to grant a prayer that, even if testatrix sometimes had delusions which rendered the mind unsound while they continued, yet if the jury believe that such delusions were temporary and occasional, and not permanent and continuous, the presumption of law is that when the will was made the mind of testatrix was free from the influence of such delusions, unless the caveator shall satisfy them that such delusions controlled her mind at that time.      p. 225

Proof of delusions that render the mind, while they continue, temporarily unsound, is not proof of insanity with lucid intervals.      p. 226

*Decided March 16th, 1920.*

Appeal from the Circuit Court for Allegany County (HENDERSON, J.).

The cause was argued before BOYD, C. J., BRISCOE, BURKE, PATTISON, URNER and ADKINS, JJ., BURKE, J., by reason of his resignation, not participating in the decision.

*Austin A. Wilson* and *Albert A. Doub,* for the appellants.

*Finley C. Hendrickson,* for the appellee.

ADKINS, J., delivered the opinion of the Court.

This is an appeal from the rulings of the Circuit Court for Allegany County, on the trial of issues sent from the Orphans' Court arising upon the caveat to the will of Rebecca Welch, deceased. The appellants were caveators and the appellee was caveatee.

The case was submitted to the jury on the issue of testamentary capacity.

There are only two exceptions: One to the admission of the testimony of a trained nurse, Miss Purbaugh, and the other to the ruling of the Court on the prayers. The date of the will is March 20th, 1909, and the testatrix died June 15th, 1919.

Miss Purbaugh was permitted to testify, over objection, that just a short time before the death of the testatrix in Allegany Hospital she stated that "in case anything did happen to her that she had made a will to her husband."

It is urged by appellants that this testimony should not have gone to the jury, because the issue in the case was as to the testamentary capacity of Rebecca Welch on the 20th day of March, 1909, and not before and not after that date; and although the jury were so instructed by the Court below, the dying statement of Mrs. Welch left the jury to conclude, and

probably induced the jury to conclude, that even if she was
not of sound and disposing mind on March 20, 1909, but was
of sound and disposing mind on the date of her death in 1919,
and then stated that she had made a will leaving her property
to her husband, she ratified and confirmed what had been
done on the 20th day of March, 1909, and so made good the
provisions of a will which otherwise would have been void.
It is contended that such testimony could in no way reflect
upon the testamentary capacity of the testatrix in March,
1909.

With this contention we do not agree. The physicians, the
strongest witnesses for appellants, testified that Mrs. Welch
was permanently insane; one of them swore that the case was
chronic or paranoiac; that a paranoiac cannot recover. His
testimony that she was not mentally capable of making a valid
deed or contract on the date of the will was based on his
opinion that the disease was continuous, as he had not seen
her for several weeks before that date. To overcome and dis-
credit this testimony it was competent to introduce testimony
as to the condition of Mrs. Welch's mind at any time after the
date of the will, and the later the better if it tended to show
that she was not then insane. The statement testified to by
the nurse had some bearing on her memory and intelligence,
and was therefore admissible for the purpose mentioned. Of
course it was not admissible to prove a ratification of the
will made at an earlier date, and that principle is clearly
stated in caveator's second prayer. Indeed appellants could
properly have asked for a specific instruction that the state-
ment objected to could not be considered by the jury as a
ratification of the will, if they were apprehensive it might
be so considered. We find no error in this ruling.

We come now to the ruling on the prayers:

Appellant's third prayer, which was rejected, and appel-
lee's granted prayers, are as follows:

*Plaintiff's Third Prayer.*—The jury are instructed that if
they find from the evidence that the testatrix was at any

time wholly insane before March 20, 1909, then the burden is on the defendants to satisfy the jury by a preponderance of the testimony that she had fully recovered or was of sound and disposing mind able to make a valid deed or contract on the 20th day of March, 1909.

*Defendant's Prayer.*—That the presumption of law is that the testatrix, Rebecca Welch, was of sound mind at the time she executed the will offered in evidence, and that the plaintiff is bound to satisfy the jury that said Rebecca Welch was not of sound mind at the time she executed said will, otherwise their verdict must be for the defendant on the second issue.

*Defendant's Prayer.*—The defendant prays the Court to instruct the jury that if they find from the evidence that Rebecca Welch was at the time of executing the will offered in evidence, of sound and disposing mind, and capable of making a valid deed or contract, then she had sufficient mental capacity, under the law of Maryland, to enable her to make a valid will, and what is meant by the words "sound and disposing mind, capable of making a valid deed or contract," in respect to making a will, is that she understood the nature of the business she was engaged in, recollected the property she meant to dispose of, and the person to whom she meant to give it, and understood the manner in which she disposed of it, and the relative claims of the different persons who were or might be the object of her bounty.

*Defendant's Prayer.*—The defendant prays the Court to instruct the jury that even if they believe that Rebecca Welch sometimes had delusions of the kind mentioned by the witnesses for the plaintiff, and that such delusions while they continued, rendered the mind of the said Rebecca Welch unsound, yet if the jury believe that such delusions were temporary and occasional, and not permanent and continuous, then the presumption of law is, that when the will was made the mind of said Rebecca Welch was free from the influence of such delusions, unless the plaintiff shall satisfy them that

such delusions controlled her mind at the time she executed her will.

The third prayer of appellants was properly rejected. The burden of proof is not shifted by proof that a testator was at some time prior to the date of his will "wholly insane." One may be temporarily "wholly insane" by reason of a delusion or some temporary cause. The proper test is the permanency and continuity of the insanity and not its entirety for the time being. The expression adopted by appellants from the syllabus of the case of *Jones* v. *Collins,* 94 Md. 408, is found nowhere in the text of the opinion in that case. The language of JUDGE PEARCE who wrote the opinion is as follows:

"It is urged in objection to appellees' sixth prayer that it requires the jury to find for the defendant on the first issue if they believe the testator was capable of executing a valid deed or contract at the time of executing the will, though they may have believed him incapable at some prior time; and that the prayer should have instructed the jury that the burden of proof was on the caveatees to show recovery from incapacity. This is the correct rule where permanent insanity is established, or insanity with lucid intervals. In the one case the caveatee must show full recovery, and in the other, that the will was executed in a lucid interval. But where the alleged incapacity is the result of an insane delusion the burden is on the caveator to show that the will is the direct off-spring of such delusion."

It will be seen from the above quotation that not only is the expression "wholly insane" not warranted by the case relied on, but that the burden sought to be put upon the caveatee to satisfy the jury that the testatrix had "fully recovered," should have been clearly related to the former incapacity and not put in a form which might have been interpreted by the jury to mean a full recovery from even temporary delusion or other mental disturbances not going to the extent of rendering the testatrix incapable of making a valid deed or contract; though perhaps as a legal proposition the

latter difficulty might be considered as removed by the words which follow at the end of the prayer. There would still have been danger, however, of confusion in the minds of the jurors.

The first prayer of caveatee is objected to because it does not contain a qualification by which the jury would have been instructed as to when the burden of proof shifts. We do not think that a valid objection. The proposition of law there enunciated is correct. Unquestionably the presumption of law is that the testatrix was of sound mind at the time of executing the will and the caveators were bound to satisfy the jury of incapacity at that time before they could succeed on that issue. That does not mean they were obliged to bring their proof down to the date of the will. Their burden would have been discharged if they had satisfied the jury of the existence of permanent or continuing insanity at an earlier date, because a presumption would then have arisen, in the absence of proof to the contrary, that such condition continued; and thus the jury should have been satisfied of incapacity at the date of the will unless they believed caveatee's evidence to the contrary. The test of whether the prayer as granted is good, is:

Would a prayer granted at the instance of the caveators, instructing the jury as to when the burden shifted, have been inconsistent with the prayer under consideration?

It clearly would not have been. Two such prayers were granted and upheld in the case of *Etchison* v. *Etchison*, 53 Md. 348.

It would have been better if the trial Court had modified the third prayer offered by appellants and granted it as amended; but it was not bound to do so.

We find no error in the granting of caveatee's second and third prayers. Prayers substantially the same have been approved many times by this Court. The objection of the caveators that the second prayer ignores all testimony as to illusions and hallucinations is not a valid objection. It was

not incumbent upon caveatees to ask instructions in reference to these alleged conditions and the prayer as granted does not, as contended by caveators, place any burden or proof on the caveators in reference to illusions and hallucinations. It deals only with the effect of delusions. Nor is it true, as argued, that proof of delusions that render the mind, while they continue, temporarily unsound, is proof of insanity with lucid intervals.

*Rulings affirmed, and cause remanded.*