SAMUEL W. REGESTER, and others *vs.* JOHN A. J. MEDCALF.

*Incorporation of National Banks—False oath of Cashier— Sections 5133 to 5136 inclusive, of the United States Revised Statutes—Appeal.*

Unless the articles of association of a proposed National Bank, together with the certificate of organization, are filed with the comptroller of the currency of the United States, conformably to the requirements of sections 5133 to 5136 of the Revised Statutes of the United States, the Bank does not become a corporation, and the provision of the statute in respect to false oaths is not applicable to it.

The fourth rule of this Court which declares that no question shall arise on appeal as to the insufficiency of evidence to support a granted instruction, unless it appears that such question was distinctly made to and decided by the Court below, applies only to granted prayers. If a prayer be rejected by the Court below, and the record certified to this Court contains no sufficient evidence to support it, this Court ought to assume that it was rejected on that ground.

Where the jury are sufficiently instructed in the interest of a party by the granted prayers offered by him, the rejection of other prayers offered by him furnishes no ground for appeal.

APPEAL from the Superior Court of Baltimore City.

This suit was brought by the appellee against Samuel W. Regester, Elisha S. Heath, Alexander D. Michael, Anton Textor, Henry P. Chandlee, and Edwin L. Tunis. The case is stated in the opinion of the Court.

*Exception*—At the trial the defendants offered the following prayers:

1. If the jury shall find from the evidence that the defendants were, on or about the 20th day of October,

Regester, *et al. vs.* Medcalf.

1887, associated together for the purpose of organizing a National Bank in Baltimore City, and shall further find that the defendants agreed to employ the plaintiff as cashier of said bank when organized, for a period of one year, beginning on the 20th day of October, 1887, at a salary of $1,200 per year, and shall further find that before said bank was organized and before the defendants and the plaintiff so agreed, (if the jury shall find that they did so agree,) the plaintiff was engaged in other employment; and shall further find that he left the employment in which he was engaged and entered the service of the defendants; and shall further find that at the time the plaintiff entered the service of the defendants, the said bank was not organized, and that the plaintiff so entered the service of the defendants to aid in the organization of said bank; and shall further find that the employment of the plaintiff, as cashier, was conditional, and was not to be an actual and absolute employment as cashier, at the salary and for the time aforesaid, unless such bank should be organized; and shall further find that the said bank was not organized, and that its organization was abandoned by the defendants, then the plaintiff is not entitled to recover.

2. If the jury shall find from the evidence that the defendants, during the year 1887, were associated together for the purpose of organizing a National Bank in Baltimore City; and shall further find that the defendants agreed with the plaintiff to employ him for the period of one year, beginning on the 20th day of October, 1887, as cashier of said bank when so organized, at a salary of $1,200 per year; and shall further find that the plaintiff entered into the service of the defendants, and that the plaintiff, while so in the service of the defendants, falsely made oath before Jasper M. Berry, Junior, a Notary Public of Baltimore City, that one hundred thousand dollars of the capital stock of the said bank

had been paid in; and shall further find that said sum of one hundred thousand dollars had not been paid in at the time said oath was made, (if the jury shall find that said oath was made;) and shall further find that afterwards the organization of the said bank was abandoned by the defendants, and that the plaintiff was dismissed from the service of the defendants, then such dismissal was justifiable, and the plaintiff is not entitled to recover.

3. If the jury shall find from the evidence that the defendants, during the year 1887, were associated together for the purpose of organizing a National Bank in Baltimore City, and that at the time the plaintiff was engaged in other employment; and shall further find that the plaintiff left such other employment for the purpose of engaging in the service of the defendants in organizing said bank and as cashier of said bank when organized, at a salary of $1,200 per year for one year, to commence on the 20th day of October, 1887; and if the jury shall further find that the defendants employed the plaintiff as cashier conditionally, that the said bank should become an organized corporation, and agreed to pay the plaintiff the salary aforesaid, only in the event that it should become organized; and shall further find, that said bank was not organized, but that the purpose to organize it was abandoned, then the jury are not at liberty to find for the plaintiff against any one of the defendants, unless such defendant or defendants personally and expressly promised to pay the plaintiff for his services.

4. If the jury shall find from the evidence that the defendants, Samuel W. Regester, Henry P. Chandlee and Alexander D. Michael, were not present at the meeting at which a resolution was passed to employ the plaintiff as cashier of the proposed bank, testified in evidence, (if the jury shall find that there was such a

meeting held, and such a resolution passed;) and shall further find that the said defendants, Regester, Chandlee and Michael, did not subsequently ratify such resolution, then their verdict must be for the defendants.

5. If the jury believe from the evidence that defendant, Anton Textor, was not present at the meeting of the proposed directors of the proposed Chesapeake National Bank, at which a resolution was adopted, appointing the plaintiff cashier of said proposed bank, and did not with full knowledge of all the circumstances of said appointment, ratify what had been done in connection therewith, then the jury should render their verdict for said Anton Textor.

The first prayer was conceded. The Court (HARLAN, J.) granted the third prayer, and rejected the second, fourth, and fifth prayers. The defendants Regester, Textor, Michael, and Chandlee excepted to the rejection of said second, fourth and fifth prayers, and the verdict and judgment being against them appealed.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, BRYAN, and McSHERRY, J.

*D. Eldridge Monroe,* and *C. D. McFarland,* for the appellants.

*John Prentiss Poe,* for the appellee.

IRVING, J., delivered the opinion of the Court.

The appellants, together with Edward L. Tunis and Alfred E. Hatch, appear by the record to have agreed among themselves to organize a bank under the Acts of Congress. Alfred E. Hatch was to be vice-president, and he, it is stated in evidence, was entrusted with the duty of making the preliminary arrangements for carrying out their plan. He entered into treaty with the

appellee to become cashier of the bank proposed to be formed. The appellee was then, and had been for some time previously, bookkeeper in the Manufacturers' National Bank of Baltimore, and avers in his *narr.* that he was induced to resign that position and accept the office of cashier in the new bank of appellants at a fixed salary for a year. Being told his services were immediately required, he was induced to resign at once, and enter upon the discharge of such duties as were required of him in defendants' employ. This he avers he did, and after serving them for less than a month, the organization was abandoned, and the appellee was discharged. He alleges the contract was broken, and sues for a year's salary which he contends he was entitled to. The defendants have pleaded that they never were indebted as alleged, and that they never promised as alleged. The defendants contended that they never personally employed the plaintiff, or authorized any one to employ him; and that, although he may have been elected cashier, at a meeting of so-called directors, it was a conditional employment dependent entirely upon a final and effective organization of the bank, which was ultimately abandoned, and thus worked the rightful discharge of the appellee.

Alfred E. Hatch does not seem to have been sued, but there is no plea in abatement and no question arises on that account. Edward L. Tunis, one of the defendants below, has not appealed. Why, can only be surmised. The other defendants below have appealed. The questions for review arise wholly upon the rejection, by the Superior Court of Baltimore City, of the second, fourth and fifth prayers of the appellants.

The second prayer of the appellants asked the Court to say, that if the appellants were found to have agreed with the appellee to employ him for a year, as cashier, when the bank was organized, at twelve hundred dollars

a year, and that while in their service he made a false oath that the capital stock had all been paid in, when, in fact, it had not been paid in, and it should be further found that afterwards the organization was abandoned, and the plaintiff (appellee) was dismissed from their service, then the dismissal was justifiable, and he was not entitled to recover.

The appellee contends that this prayer was properly rejected for want of evidence to support it, and the appellants insist that, as the record does not show that objection to have been made in the Court below, it can not be raised here. The fourth rule of this Court, which is invoked in support of this last contention, relates *expressly* and *only*, to granted prayers. This being a rejected prayer we may, and ought to assume, in justice to the lower Court, that it was rejected on the ground that there was no sufficient evidence on which to rest it; for there certainly is none in the record certified to us. Unless the articles of association, together with the certificate of organization, had been filed with the Comptroller of the Currency of the United States conformably to the requirements of sections 5133 to 5136 inclusive, of the Revised Statutes of the United States, the bank never became a corporation; and the provision of the statute in respect to false oaths was never applicable to it. There is no evidence in the record that either the articles of association or certificate of organization were ever filed with the Comptroller of the Currency. It was contended that, because the checks were not certified, therefore no money was paid in, and the cashier swore falsely. It was rather a violent presumption to ask the Court to make, when it did not in fact appear that the checks were not really good and would not be paid. Conceding, for *the purposes of this decision only,* that the theory of the prayer was right, it was properly rejected; for we must assume that the Superior Court had no more evidence than we have in the record.

The fourth and fifth prayers, of the defendants named in them, respectively, ask the Court to say that if the persons named in them were not present when the resolution electing the appellee cashier was passed, and that they did not subsequently ratify such resolution, then as against them the plaintiff (appellee) could not recover.

There was some evidence that there were directors of the proposed institution. How many composed the board does not certainly appear in the proof. These prayers ask the Court to say, in effect, that those who did vote on the election of the cashier were not authorized to bind the absentees; that when the election took place there was not a competent body to do what was done. If this was all so, still the prayers confined the plaintiff to recovery on the theory that what took place at the so-called election was valid and binding. It ignored the other aspect of the case, that Hatch might have been the duly authorized agent of the parties to procure a cashier. If these objections to those prayers can not be regarded as fully justifying rejection, still there was no error in their rejection, and the appellants have sustained no injury by their refusal; for their first and third prayers covered the whole case, and even more strongly for the appellants than the prayers the rejection of which we are considering.

The first instruction was conceded. By it the jury was told that if they found the plaintiff's employment was conditional only, and was not to be absolute unless the bank should become an operative organization; and that the organization thereof was finally abandoned, then no recovery could be had.

By the third instruction granted, at the instance of the defendants, the jury was told, that if they found the employment of plaintiff was conditional only, and was not to be effective unless the bank was fully organ-

ized, and that it was not organized, then they could not find for the plaintiff against the defendants or any one of them unless "such one personally and expressly promised the plaintiff to pay him for his services." The plaintiff asked no instruction, and took no exception to those granted to the defendants. The verdict was in his favor. We think the jury was sufficiently instructed in the interest of the defendants, and they have no just cause of complaint. There was no reversable error, and the judgment must be affirmed.

*Judgment affirmed.*

(Decided 17th December, 1889.)