## D. WEBSTER GROH *vs.* ALBERT T. SOUTH.

*Riparian rights: flow of streams; erection of dams. Conceded prayers: inconsistent prayers. Negligence: duty of plaintiff to reduce damages.*

According to the maxim *aqua currit et debet currere,* an individual is prohibited from interfering with the natural flow of water.                                              p. 299

Conceded prayers become the law of the case.        p. 302

A prayer that is inconsistent with conceded prayers in the case is erroneous.                                        p. 302

Where a plaintiff sues for damages occasioned by the wrong or negligence of the defendant, all consequences resulting from his own wilful failure or gross neglect to use timely and reasonable precautions to prevent an extension or increase of the injury fall upon himself.                      p. 301

But want of some diligence on his part does not necessarily exclude his every right of recovery.              p. 301

A riparian landowner built a dam across a stream, thereby causing the waters to back up and flood and render useless a spring of an owner of other riparian land further up the stream; it was *held,* that a prayer that the plaintiff was not entitled to recover if they should find that he contributed to the alleged injury, was erroneous.                    p. 301

*Decided January 14th, 1913.*

Appeal from the Circuit Court for Washington County (KEEDY, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, BURKE, THOMAS, PATTISON and STOCKBRIDGE, JJ.

*George A. Finch* (with whom was *Thomas A. Poffenberger* on the brief), for the appellant.

*Frank G. Wagaman* (with whom was *Walter V. Spessard* on the brief), for the appellee.

PATTISON, J., delivered the opinion of the Court.

The appeal in this case is from a judgment recovered by the appellee against the appellant in the Circuit Court for Washington County.

The appellee, at the time of the institution of this suit, occupied, and had for years prior thereto occupied, as tenant, a farm bordering on Antietam Creek in said county. On this farm was located a spring; its overflow ran into Antietam Creek. Upon this spring the plaintiff chiefly depended for his supply of water for farm and domestic purposes, including drinking water for his family.

The appellant, at such time, was the owner of a farm bordering upon the said stream below that of the appellee or plaintiff. As charged by the plaintiff, the defendant constructed a dam across said stream from the lands so owned by him to the opposite shore. This dam, as alleged by the plaintiff in his declaration, "caused the water of the Antietam Creek to pond back into and over the aforesaid spring, overflowing the same with impure and unwholesome waters and filling and flooding the same with mud and debris which was carried into said spring by the waters of the Antietam Creek and greatly damaged and destroyed the otherwise pure, wholesome and potable waters of said spring and destroyed the use thereof for domestic purposes, and otherwise greatly damaged the plaintiff," etc.

To the declaration the defendant pleaded the general issue plea.

At the conclusion of the testimony the plaintiff offered one and the defendant offered four prayers. The plaintiff's prayer was conceded, and so were the first and third prayers of the defendant. The defendant's second prayer was granted, while his fourth prayer was rejected.

The only exception before us is that taken to the rejection of the defendant's fourth prayer. By it the Court was asked to instruct the jury "that if they find that the plaintiff has contributed to the alleged injury, then he cannot recover."

In the case of *Lawson* v. *Price,* 45 Md. 123, where the action was for obstructing the appellee's mill-race by throwing or placing therein, or by cutting and allowing to fall therein, trees, branches, large stumps, brush, chips, stakes, leaves, etc., the Court there said: "The question, in such case, is not whether the defendant has acted with due care, but whether his acts have occasioned the damage complained of. If the acts complained of were done by the appellant, or by his agents or servants in the course of their employment, they were unlawful invasions of the appellee's rights of property, and it matters not that they were done without negligence. Negligence is not the gravamen of the action. *Scott* v. *Bay,* 3 Md. 431, 445-6; *Leame* v. *Bray,* 3 East. 593; *Fletcher* v. *Ryland,* L. Rep. 3 H. L. 330; *Wilson* v. *City of New Bedford,* 108 Mass. 261; *Cahill* v. *Eastman,* 18 Minn. 324; *St. Peter* v. *Denison,* 58 N. Y. 416. See also *Bellinger* v. *The N. Y. Central R. Co.,* 23 N. Y. 42, 47."

In the case of *Bellinger* v. *The N. Y. Central R. Co., supra,* which was an action for obstructing a stream by means of which the plaintiff's lands were overflowed and damaged, the Court there said: "The maxim *aqua currit et debit currere* absolutely prohibits an individual from interfering with a natural flow of water to the prejudice of another riparian owner under any pretenses, and subjects him to damages at the suit of any party injured without regard to any question of negligence or want of care. If one chooses of his own authority to interfere with a water course, even upon his own land, he, as a general rule, does it at his peril as respects other riparian owners above or below."

And our predecessors in discussing the defendant's third prayer in *Lawson* v. *Price, supra,* which sought to exclude the plaintiff's right to recover upon the ground of contributory negligence of the plaintiff, said: "After the wrong was committed, it was certainly the duty of the appellee (the plaintiff) to avoid the consequences of the wrong as far as he reasonably could. If by labor or a reasonable outlay of money he could have stayed or avoided the consequences of

the appellant's wrong, he should have done so.   But in this case, the object of the prayer was to exclude *in toto* the appellee's right to recover damages for any injury to which his want of diligence contributed.   It is only to the extent of the contribution of wilful failure or gross neglect, that the party, in a case like the present, should be precluded from recovering.   It is a question to be considered in assessing the damages and does not go to the right of the plaintiff to maintain his action and recover against the wrongdoer."

The alleged contributory negligence of the plaintiff complained of in this case, is that he, after the dam was constructed by the defendant, removed from the mouth of the spring run a board six inches in width placed there by him, and in so doing removed a barrier to the water flowing from the creek into the spring.   Both the plaintiff and his father, the owner of the farm occupied by the plaintiff, fully explain why the board was first placed in its position across the spring run.   The spring, it seems, was in a natural cave. It was converted into a spring house by placing a door at its opening.   The water, after flowing from the spring house, passed into a shallow run, from which water could not be taken in a bucket; therefore, at this point a basin was made by removing the earth at the bottom from the rock.   In addition to this, a dam made of small stones was first constructed across the run at a narrow point of the run, which had the effect of backing the water in the basin and of raising the water several inches, thus enabling the plaintiff and others using the water to dip it from the basin or run with buckets.

This stone dam remained there until pipes were laid connecting the spring with the barn or stable upon the farm. Through these pipes water was pumped to said barn or stable for the use of the stock and for such other purposes as it might be needed.   It was at this time that the stones were removed and the board placed across the run.   It was placed there (1) to increase the depth of the water in the basin, which became necessary after the placing of pipes

therein through which the water was to be pumped for the uses stated, and (2) because the board could be easily removed when it became necessary to clean out the spring by removing the mud, leaves and filth therefrom.

When the dam was constructed by the defendant, the water from the creek came in over the board, and thus the board was useless for the purpose of deepening the water within the run or basin, and in cleaning out the spring thereafter it was removed and never replaced. Had the board been replaced, it could not have prevented the waters of the creek from flowing into the spring, for, as stated by these witnesses, the water in the spring was several inches above the board.

This case, like the case of *Lawson* v. *Price,* is not a case where the instructions asked for should be granted, even should there be evidence of contributory negligence on the part of the plaintiff. After the dam was constructed by the defendant, it was the duty of the appellee to avoid, by his labor or a reasonable expenditure of money, the consequences thereof as far as he reasonably could, and all consequences resulting from his own wilful failure or gross neglect to use timely and reasonable precaution to prevent an extension or increase of the injury should fall upon himself. (*Lawson* v. *Price, Supra.*) This was the extent to which he was liable for his failure to act in prevention of the consequences of the wrong complained of, or for his acts contributing to the injury complained of. The prayer goes further, and excludes *in toto* his right to recover damages for any injury to which his want of diligence contributed. But if this were a case in which instructions, such as are asked for in this prayer, could properly be granted upon evidence in support of them, even then the prayer should not have been granted, for the record discloses no evidence of any negligence of the plaintiff in connection with the wrong committed by the defendant. Moreover, the jury were instructed by the conceded prayer of the plaintiff that "If they find the defendant has constructed

and maintained the dam mentioned by the witness as being built by the defendant; and further find that said dam so interfered with and obstructs the natural flow of water in said creek, as to back the water of said creek into said spring, then the plaintiff is entitled to recover; and the jury is further instructed that if they find the facts above stated in this prayer, then they may allow such damages as will compensate the plaintiff under all circumstances of the case for the injury he has sustained as a consequence of the backing of the water of said creek into said spring."

This being a conceded prayer, it becomes the law of the case. *B. & O. R. Co.* v. *Resley,* 14 Md. 424; *Rosenstack* v. *Ortwine,* 46 Md. 388; *Purner* v. *Piercy,* 40 Md. 212; *Gill* v. *Staylor,* 93 Md. 453. By it the jury is not instructed that to entitle the plaintiff to recover they must find that he has not contributed to the alleged injury. In this prayer the question of contributory negligence is not involved, it is altogether disregarded, and the jury are told by it that if they find the facts therein stated they are to find for the plaintiff. Therefore, the defendant cannot complain of the action of the Court in rejecting his fourth prayer, in as much as he has conceded that the law as stated in the plaintiff's first prayer is the law of this case. Thus, for this additional reason the Court below committed no error in rejecting the defendant's fourth prayer.

A motion was filed in this case to dismiss the appeal, but we have regarded it as unnecessary to discuss it in view of the disposition we have made of the case.

From what we have said, we find no error in the rulings of the Court below, and will affirm the judgment.

*Judgment affirmed, with costs to the appellee.*