# CITY AND SUBURBAN RAILWAY OF WASHINGTON, A Corporation,

## *vs.*

## JOHN T. CLARK.

*Negligence: railway crossing; duty of person approaching to look, stop, listen. Prayers: inconsistent—; confusing.*

No appeal will lie from the action of a lower court upon a motion for a new trial.                          p. 282

After the close of the plaintiff's case, if a prayer of the defendant that the case be taken from the jury is refused, production by the defendant of testimony in his behalf amounts to a waiver of his objection to the court's action on his prayer.
p. 283

A prayer which does not point out any particular ground upon which the right to recover is asserted or denied, and does not direct attention to any particular error or omission of proof, is erroneous.                          p. 283

A prayer inconsistent with a prayer already granted or which is conceded is erroneous.                          p. 284

Conflicting and irreconcilable evidence is a matter for the consideration of the jury.                          p. 284

In an action for damages resulting from a collision with an electric car at a public crossing testimony by the plaintiff and his driver that they stopped and looked before crossing and did not see the car, is not avoided by the evidence of another on a different day and under possibly different conditions, to the effect that from the same place he could have seen the car as it was advancing.                          pp. 285-286

*Decided April 5th, 1916.*

Appeal from the Circuit Court for Prince George's County.   (BEALL and CAMALIER, JJ.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Robert W. Wells* and *S. Russell Bowen*, for the appellant.

*T. Howard Duckett* (with whom was *Marion Duckett* on the brief), for the appellee.

STOCKBRIDGE, J., delivered the opinion of the Court.

This suit was instituted by the appellee to recover damages occasioned by a collision between a wagon of the plaintiff upon which he, and a driver by the name of Hill were riding, and a car of the City and Suburban Railway of Washington.   The accident took place in Brentwood, Prince George's County, at a point where the tracks of the appellant were crossed by a public street, known as Henry street.   By the collision the plaintiff was thrown from his wagon and severely bruised, and the rear portion of the wagon demolished.   The record is in an unusual form, one in which it is extremely difficult to trace the case satisfactorily.   No exceptions were reserved upon any question of evidence, but the first four were to the action of the Court upon certain enumerated prayers, and the fifth was an exception to the overruling of the motion for a new trial, and to the entry of a judgment on the verdict of the jury.

With regard to the fifth exception it is sufficient to say that it has been repeatedly held by this Court that no appeal will lie from the action of the lower Court on a motion for a new trial.   *Baltimore City Pass. Rwy. Co.* v. *Sewell,* 35 Md. 238; *Sauer* v. *Schulenberg,* 33 Md. 288; *Waters* v. *Waters,* 26 Md. 53; *Zitzer* v. *Jones,* 48 Md. 115.

That portion of this exception which relates to the entry of the judgment upon the verdict of the jury was necessarily dependent so far as appears from the record either upon the ruling of the Court on a question of law embodied in the Court's action on the prayers submitted to it, or else upon a question of fact which was fully covered and disposed of by the action of the Court upon the motion for a new trial. There is, therefore, nothing in this exception which calls for any extended discussion, as the ruling of the Court upon the prayers is more appropriately considered under the special exceptions taken to the action of the Court upon those prayers.

At the conclusion of the plaintiff's evidence, the defendant offered what is called the defendant's first prayer, which is in the following terms: "Now comes the defendant, City and Suburban Railway of Washington, by its attorneys, Robert W. Wells and S. R. Bowen, and moves the Court to take the above entitled case from the jury." This was refused by the Court, whereupon the defendant proceeded to offer evidence in its behalf. The effect of the defendant presenting that evidence has been repeatedly held by this Court to amount to a waiver of any exception to which the defendant might have been entitled, and does not present a matter that this Court is now called upon to discuss. *Bernheimer* v. *Becker,* 102 Md. 250; *Barabasz* v. *Kabat,* 91 Md. 53.

But independent of that fact, the action of the Court below in refusing the motion was undoubtedly correct, both by reason of the evidence which will have to be discussed under another of the exceptions, and also because the motion or prayer was too general in its terms. In *Turner* v. *Eagan,* 116 Md. 35, it was held, that a prayer which does not point out any particular ground upon which the right to recover is asserted or denied, and does not direct attention to any particular error or omission of proof, or raise any definite question as to its sufficiency is erroneous, and numerous cases are cited to the same effect. See also, *Palatine Ins. Co.* v. *O'Brien,* 107 Md. 341; *Neighbor* v. *Leatherman,* 116 Md.

284   CITY & SUB. RY. OF WASH. vs. CLARK.

'Opinion of the Court.                    [128

484; *Thomas on Prayers and Instructions,* sec. 30; *Conowingo Land Co.* v. *McGaw,* 124 Md. 643.   This covers the first bill of exceptions.

At the conclusion of the entire evidence the defendant offered a prayer, as follows:. "The jury are instructed that there is no legally sufficient evidence upon which they can base a verdict for the plaintiff in this case, and the verdict must be for the defendant."   This was refused by the trial Court, and that action constitutes the 2nd bill of exception. The first prayer of the plaintiff had been conceded by the defendant, and, therefore, whether it was correct or not, had become the law of the case; *Zell* v. *Dunaway,* 115 Md. 1; *Hillers* v. *Taylor,* 116 Md. 165; *Groh* v. *South,* 119 Md. 297.

By that prayer the jury had been told that if they believed from the evidence that the injury to the plaintiff was caused by the want of ordinary care and prudence of the servant of the defendant, and that the plaintiff had used reasonable care and caution in driving across the tracks of the defendant, the plaintiff was entitled to recover.

The 2nd prayer of the defendant, which sought to take the case from the jury after having conceded the prayer which submitted the question to the jury, made it inconsistent with the plaintiff's first prayer, and to have granted it would have been error; *Smith* v. *Brown,* 119 Md. 236.

The third exception was to the granting of the plaintiff's 2nd prayer, which was: "If the jury find from the evidence that the plaintiff approached the crossing of the defendant's tracks at Henry street, in the town of Brentwood, stopped, looked and listened, and while crossing said tracks continued to look and listen and did not see the approach of the defendant's car from Washington, and the defendant's motorman could have avoided the accident by the exercise of ordinary care, after he saw, or by the use of ordinary care, might have seen that the plaintiff was on the track and in danger

CITY & SUB. RY. OF WASH. vs. CLARK.    285

Md.]                    Opinion of the Court.

of being struck by the car and the plaintiff was struck by the defendant's car and injured, he is entitled to recover."

By the sixth prayer of the defendant the jury had been · adequately instructed as to the rule of contributory negligence. The plaintiff's 2nd prayer invoked the doctrine of the last clear chance. For this the question of the speed of the car was a material inquiry; the evidence was conflicting and irreconcilable. It was, therefore, a matter for the jury to pass upon, not a question of law for the Court, and the granting of the prayer was correct.

The fourth exception was to the refusal to grant the instructions contained in the 7th, 8th and 11th prayers offered by the defendant. The 7th prayer related to contributory negligence on the part of the plaintiff, and as leading up to that told the jury that they might in their discretion reject the evidence of the plaintiff.

By the granted 6th prayer of the defendant the jury had already been instructed as to the rule of contributory negligence. In the conflict of evidence which was presented to the jury they were bound to reject some of the evidence, and the granting of this 2nd prayer on contributory negligence could have had no other effect than to tend to confuse their minds as to the rule of law    The prayer as presented asked the Court to instruct the jury that they were entitled to find a verdict upon only a part of the testimony, by excluding a portion of the evidence. To have done that would have been error, as under the plaintiff's first prayer they were to determine the case upon the whole of the testimony presented to them. See Cook v. Carr, 20 Md. 403.

Nor was there error in refusing the 8th prayer of the defendant. That prayer also related to alleged contributory negligence on the part of the plaintiff, and had been fully covered by the plaintiff's first and defendant's sixth prayers, both of which had been conceded.

The 11th prayer of the defendant was as follows: "The Court further instructs the jury that where the circumstances and conditions of a case are such that a person must

have seen an approaching car, if he had looked, testimony
to the effect that he could have seen it if he had looked would
·be equivalent to testimony that he did not look." This
prayer was inherently vicious.   Both the plaintiff and his
driver, who was on the seat with him, have testified posi-
tively that they looked and did not see the approaching car
which subsequently came in collision with the plaintiff's
wagon.. An engineer of the railway company gave evidence
that on another day, when conditions were possibly different,
an object such as a car was visible at a distance as great
or greater than the plaintiff's witnesses had testified to, with
regard to the distance of the car in question.   The instruc-
tion asked was equivalent to telling the jury that from the
testimony of the engineer they might find that the plaintiff
did not look; that it amounted to positive evidence that he
did not look.   While some of the decisions have gone far in
the direction of saying that, notwithstanding evidence that
a person has looked, it is clear that if he had looked he must
have seen, none have gone to the extent of converting such
testimony into direct evidence that he did not look.   That is
a proposition to which this Court has never given assent,
nor is it yet ready to do so, especially in a case like the pres-
ent where the evidence is conflicting.

No reversible error appears in the several rulings of the
trial Court to which the exceptions were taken, and the judg-
ment appealed from will be affirmed.

*Judgment affirmed, with costs to the appellee.*