## SCOTT KELSO ET AL. *vs.* LOUIS RICE.

*Workmen's Compensation—Prayers and Instructions—Harmless Error.*

A prayer, on appeal from an award of the Industrial Accident Commission, that under the pleading in this case there is no legally sufficient evidence to entitle plaintiff to recover, cannot be considered by the Court tof Appeals when the record does not disclose any pleadings. p. 275

The rejection of a prayer that under the pleading in this case there is no legally sufficient evidence to entitle plaintiff to recover, cannot be considered by the Court of Appeals, since such prayer is necessarily based upon a variance between the pleadings and the proof, and it fails specifically to point out the variance. p. 275

A prayer submitted by defendant which constituted a demurrer to the evidence was properly rejected if inconsistent with a prayer, submitted by plaintiff, which was conceded. p. 276

A showing by the record that a prayer was conceded, with nothing shown to the contrary, is conclusive on the appellate court. p. 276

The rejection of particular prayers is not reversible error, if their subject and substance and the law of the case were fully and clearly presented in the granted prayers. p. 276

In a prayer, on appeal from an award of the Industrial Accident Commission in favor of the claimant, that the award must be reversed unless the jury find that the injury arose out of and in the course of his employment, "and that the accident or injury complained of resulted from a risk reasonably incident to the employment," the addition of the quoted words was unnecessary and calculated to mislead. p. 270

A prayer was erroneous which required the jury to find that such disease or infection as the plaintiff claims to have "has resulted naturally and is the unavoidable result" of the injury, the

word "unavoidably" having been omitted in the amendment, by the Act of 1916, ch. 597, of Code, art. 101, sec. 63, par. 6.

p. 276

In the case of a claim by one employed as handy-man at defendant's public garage, injured while working on the roof of a shed which he was building at defendant's place of residence, a prayer was erroneous which required, as a condition of claimant's recovery, that the jury find defendant to have been engaged in the "business of repairing or building roofs," it being sufficient that he employed workmen to build or repair as an incident to any gainful business.          p. 276

It was error to grant a prayer submitted by defendant which omitted the essential requirement that the injury arose "out of the employment," and which assumed that it occurred during the course of plaintiff's employment, instead of submitting that question to the jury.          p. 276

The erroneous grant of a prayer submitted by a claimant under the Workmen's Compensation Act, which omitted the requirement that the injury arose out of the employment, and which assumed that it occurred during the course of his employment, *held* not reversible error, the prayer being clearly intended to deal with conflicting testimony as to whether the claimant's paralysis was caused by the fall from defendant's roof, or the fall was caused by the paralysis, and to be the converse of one of defendant's prayers, and defendant being fully protected by the grant of prayers which correctly covered the whole case.

pp. 276, 277

Great caution is to be observed in holding that error in a prayer is not prejudicial, especially when the prayer goes to an ultimate finding.          p. 277

*Decided June 21st, 1924.*

Appeal from the Circuit Court for Allegany County (Doub, J.).

Claim by Louis Rice under the Workmen's Compensation Act against Scott Kelso, employer, and the Travelers' Insurance Company, insurer. From a judgment affirming the

award of the Industrial Accident Commission in favor of the claimant, the employer and the insurer appeal. Affirmed.

The prayers referred to in the opinion were as follows:

*Plaintiff's First Prayer.*—The jury is instructed that in this case the burden of proof rests on the Travelers' Insurance Company and Scott Kelso to show by preponderance of all the evidence in this case that the injury which resulted in partial paralysis of the body of Louis Rice was not the result of an injury arising out of and in the course of his employment.

*Plaintiff's Second Prayer.*—The claimant prays the court to instruct the jury that if they find from the evidence in this case that Louis Rice while in the employ of Scott Kelso, one of the appellants in this case, received injuries on or about the 7th day of December, 1922, arising out of and in the course of his employment, and that such injuries produced or caused the partial paralyzing of his body, then the verdict of the jury must be in favor of the claimant, on the issues, even though the jury may believe from the evidence in this case that the said Louis Rice was suffering prior to and at the time of receiving said injury with hardening of the arteries. Provided the jury find from the evidence the business of the claimant's employment was for the pecuniary gain of the employer Kelso.

*Plaintiff's Third Prayer.*—The jury is instructed, at the request of the claimant, that even if they believe from the evidence in this case that Louis Rice was suffering from a disease known by the laymen as hardening of the arteries, but shall further find that the fall he suffered during the course of his employment by Scott Kelso on the 7th day of December, 1922, caused the blood vessels in his head to burst which in turn brought on the condition of partial paralysis then the verdict of the jury must be for the claimant on the issues, provided the jury find from the evidence that the business of the employer in which the claimant was employed was for the pecuniary gain of Kelso the employer.

*Defendants' First Prayer.*—The defendants pray the court to instruct the jury, that under the pleading in this case, there is no legally sufficient evidence to entitle the claimant and plaintiff to recover and that the award of the Industrial Accident Commission, of Maryland, must be reversed and the verdict of the jury must be for the defendants herein.

*Defendants' Second Prayer.*—The defendants pray the court to instruct the jury, that there is no legally sufficient evidence in this case to entitle the claimant and plaintiff to recover and that the award of the Industrial Accident Commission shall be reversed, and the verdict of the jury must be for the defendants.

*Defendants' Third Prayer.*—The defendants pray the court to instruct the jury, that if the jury find that the plaintiff or claimant suffered or received a stroke of paralysis which caused him to fall from the roof he was repairing for the defendant, employer, then the award of the Industrial Accident Commission shall be reversed and the verdict of the jury must be for the defendants herein on the issues.

*Defendants' Fourth Prayer.*—The defendants pray the court to instruct the jury, that if the jury find that the claimant or plaintiff, Louis Rice, suffered an injury while working on the roof of the defendant, his employer, Scott Kelso, they must further find that such injury arose out of, and in the course of his employment, and that the accident or injury complained of resulted from a risk, reasonably incident to the employment and unless they so find, the award of the Industrial Accident Commission shall be reversed and the verdict of the jury must be for the defendants herein.

*Defendants' Fifth Prayer.*—The defendants pray the court to instruct the jury, that if they find that the plaintiff and claimant, Louis Rice, was in the employ of the defendant employer, Scott Kelso, and that, at the time of the accident or injury complained of, was working for the defendant upon a roof, which the defendant was having claimant-plaintiff repair, and further find that the claimant's employment was not carried on by Kelso for any pecuniary gain to the defendant, Kelso, then the award of the Industrial Accident Com-

mission must be reversed and the verdict of the jury must be for the defendants herein on the issues.

*Defendants' Sixth Prayer.*—The defendants pray the court to instruct the jury, that if the jury find that the claimant and plaintiff, Louis Rice, suffered or received a stroke of paralysis or any attack of any disease whatsoever, while repairing the roof of the defendant, Scott Kelso, and further that such paralysis or disease did not arise out of and in the course of his employment, at that time, the verdict of the jury must be for the defendants herein on the third issue.

*Defendants' Seventh Prayer.*—The defendants pray the court to instruct the jury, that if they find that the claimant-plaintiff, Louis Rice, was regularly employed by the defendant, Kelso, at and in the garage business and the work that the plaintiff, Rice, was doing or performing at the time of his injury was casual work, out of the usual course of his employment, then the verdict must be for the defendants on the issues.

*Defendants' Eighth Prayer.*—The defendants pray the court to instruct the jury, that unless they find that the injury arose out of and in the course of the plaintiff's employment and such disease or infection as plaintiff claims to have, has resulted naturally and is the unavoidable result therefrom, the award of the State Industrial Accident Commission must be reversed and the verdict must be for the defendants.

*Defendants' Ninth Prayer.*—The defendants pray the court to instruct the jury, that if the jury find that the defendant, Scott Kelso, was not engaged in any business of repairing or building roofs or construction or building work or repair work of any kind for pecuniary gain, but that the said repairs to the said roof were simply for the own private benefit of the defendant, Scott Kelso, and if they find that the employment of the claimant-plaintiff was not in a trade, business or occupation carried on by his employer, Kelso, for pecuniary gain, then the award of the Industrial Accident Commission must be reversed and the verdict of the jury must be for the defendants herein.

*Defendants' Tenth Prayer.*—The defendants pray the court to instruct the jury, that if the jury find that the defendant, Scott Kelso, was not engaged in any business of repairing or building roofs or construction or building work of any kind for pecuniary gain, but that the said repairs to said roof were simply for the own private benefit of the deefndant, Scott Kelso, then the award of the Industrial Accident Commission must be reversed and the verdict of the jury must be for the defendants herein.

*Defendants Eleventh Prayer.*—Defendants pray the court to instruct the jury, that if they find that the plaintiff had hardening arteries for sometime prior to the alleged injury complained of and that the bursting thereof in the brain caused paralysis and that such bursting was not caused by the fall from the roof, then their verdict must be for the defendants, Scott Kelso and The Travelers' Insurance Company, on the issues submitted.

The cause was argued before PATTISON, URNER, ADKINS, OFFUTT, DIGGES, BOND, and PARKE, JJ.

*D. Lindley Sloan* and *John G. Miller,* for the appellants.

*Carl G. Mullin* and *Arch A. Young,* with whom was *Clarence Lippel* on the brief, for the appellee.

ADKINS, J., delivered the opinion of the Court.

Louis Rice, the appellee, was for about twenty-two years in the employ of Scott Kelso, one of the appellants. Kelso for most of that time was in the livery business, but later went into the garage business. Rice was a sort of handyman about the garage and also did repair work on several houses which Kelso owned and rented to tenants. Scott Kelso, trading as Kelso Garage, was insured under the Workmen's Compensation Laws.

The only evidence in the record of what the insurance policy covered is in the "certificate of insurance" of the insurance department of the State Industrial Accident Com-

mission, giving the number of the claim, the name of the claimant and the name of the employer, the latter being designated as follows: "Employer—Scott Kelso, trading as Kelso Garage." Following this description the certificate further states: "According to the insurance records of the State Industrial Accident Commission, the above named employer was on the 7th day of December, 1922, insured in compliance with the provisions of the Workmen's Compensation Laws as follows: Travelers Ins. Co."

The Travelers Insurance Company is the other appellant. It is contended by appellants that "the policy issued to Kelso by the Travelers Insurance Company was to cover the employment of Rice and other employees at the garage."

The accident out of which this case grew happened on December 22nd, 1922, while Rice was working on the roof of a shed which he was building at Kelso's place of residence for his son.

The claim was allowed by the Industrial Accident Commission and, on appeal to the Circuit Court for Allegnay County, the finding of the commission was sustained by a jury, and the court passed an order overruling a motion for a new trial, and ratifying and confirming the award of the commission. From that judgment this appeal was taken.

It appears from a record of the proceedings before the commission, filed in the case on appeal to the circuit court, that the notice of the hearing sent by the commission was as follows:

"Baltimore, Maryland, March 22nd, 1923.
"Mr. Louis R. Rice (Claimant),
"LaVale, Long, Allegany Co., Md.
"Scott Kelso, trading as Kelso Garage (Employer),
"S. Liberty St., Cumberland, Md.
"Travelers Insurance Co. (Insurer).
"T. C. Gennary, Esq.,
316 Munsey Building, Baltimore, Md.
"Relative to Louis R. Rice, injured December 7th, 1922, while in the employ of Scott Kelso, trading as Kelso Garage. A hearing in this case has been re-

quested by some of the parties interested, on the following grounds:

"(1) To determine if the condition suffered by this party, and disability, was caused by an accident arising out of and in course of his employment.

"This hearing will be conducted by the Commissioner under the authority of the Commission, on Tuesday, April 3rd, 1923, at 9.15 A. M., at City Hall, Cumberland, Md.

"Please accept this notice to be present if you so desire, and notify the Commission if you have any witness whom you desire to have summoned; also sign, detach and mail to this Commission the attached form of acknowledgment.

       "State Industrial Accident Commission.

          "A. E. Brown, Secretary."

The award of the commission was as follows:

"A hearing was granted and held in the City of Cumberland on April 3rd, 1923, to determine the following issue raised in the above entitled case by the insurer: (1) To determine if the condition suffered by this party, and disability, was caused by an accident arising out of and in course of his employment. At said hearing all parties were present and heard, and after due consideration of the testimony then taken the Commission finds for the claimant on the issue raised, and further finds:

"That Louis R. Rice was injured on the 7th day of December, 1922, while in the employ of Scott Kelso, trading as Kelso Garage; that his injuries consisted of injury to left arm and leg; that his average weekly wage was $28.00; that said injury arose out of and in the course of his employment, and that he was temporarily totally incapacitated as a result of said injury.

"It is, therefore, this 24th day of April, 1923, by the State Industrial Accident Commission, ordered that Scott Kelso, trading as Kelso Garage, employer, and Travelers' Insurance Company, insurer, pay unto Louis R. Rice compensation at the rate of $18 per week, payable weekly, during the continuance of his disa-

bility, subject to the provisions of the Workmen's Compensation Law, said compensation to begin as of the 11th day of December, 1922, and that final settlement receipt be filed with the Commission in due time.

> "Robert E. Lee,
> "Geo. Louis Eppler."

The issues submitted to the jury in the circuit court, at the request of the defendants, were as follows:

"First: From the award of the said Commission as made in general.

"Second: Whether the business of the defendant Kelso, in which the plaintiff claimant was employed, was for the pecuniary gain of the said Kelso.

"Third: Whether the injury or accident arose out of and in the course of his (Rice's) employment.

"Fourth: Whether the injury, if attributed at all to the work, was an occupational disease."

The first and fourth issues were abandoned. The jury found for the claimant on each of the remaining issues. The only exception is to the ruling on the prayers.

Plaintiff offered four prayers of which the first and second were conceded, the third granted and the fourth rejected. Defendants offered eleven prayers of which the first, second, fourth, eighth, ninth and tenth were rejected, and the third, fifth, sixth, seventh and eleventh were granted. The Reporter is requested to set out all of the prayers except plaintiff's rejected prayer.

Taking up first defendants' rejected prayers, the first cannot be considered (1) because the record does not disclose any pleadings; (2) because, if there were any, such a prayer is necessarily based upon a variance between the pleadings and the proof; and as it does not specifically point out the variance, this Court could not consider the objection. Code, art. 5, sec. 9 A; *B. & O. R. R. Co.* v. *Walsh,* 142 Md. 230; *Heath* v. *Michael,* 145 Md. 277; *Taxicab Co.* v. *Hamburger,* April Term, 1924.

The second is a demurrer to the evidence. It was properly rejected because it is inconsistent with plaintiff's second prayer, which was conceded. *Hillers* v. *Taylor,* 116 Md. 165; *Smith* v. *Brown,* 119 Md. 236; *City and Suburban Ry.* v. *Clark,* 128 Md. 281.

At the argument appellants raised the question as to whether plaintiff's second prayer was in fact conceded. But as it appears from the record to have been conceded and nothing to the contrary has been shown, we are concluded by the record.

There was no reversible error in rejecting the fourth, eighth, ninth and tenth prayers because, aside from specific objections, the subject and substance of these prayers and the law of the case were fully and clearly presented in the granted prayers. *Spencer* v. *Trafford,* 42 Md. 1; *B. & O. R. R. Co.* v. *Resley,* 14 Md. 425; *Wilson* v. *Merryman,* 48 Md. 328; *Mason* v. *Poulson,* 43 Md. 161; *Pettigrew* v. *Barnum,* 11 Md. 434; *Etchison* v. *Etchison,* 53 Md. 348; *Horner* v. *Parkhurst,* 71 Md. 10; *Regester* v. *Metcalf,* 71 Md. 528.

Specifically, the addition of the words, in the fourth prayer, "and that the accident or injury complained of resulted from a risk reasonably incident to the employment," was unnecessary and calculated to mislead.

In the eighth, the use of the word "unavoidable" was erroneous, since the amendment of paragraph 6 of section 63 of article 101 of the Code by the Act of 1916, ch. 597.

In the ninth and tenth the requirement, as a condition to recovery by plaintiff, of the finding that defendant was engaged in the "business of repairing or building roofs," etc., was erroneous. It would be sufficient if he employed workmen to build or repair *as an incident to any* gainful business. There was error in granting plaintiff's third prayer, both because it omitted the essential requirement that the injury arose "out of the employment"; and because it assumed that it occurred during the course of plaintiff's employment, instead of submitting that question to the jury. But it was not reversible error for two reasons:

(1) It is clear that the purpose of that prayer was to deal with the conflicting testimony as to whether the paralysis was caused by the fall, or the fall was caused by the paralysis; and that the prayer was intended to be the converse of defendants' eleventh prayer. See *Hartman* v. *Thompson,* 104 Md. 409.

(2) The appellants were fully protected against any possible misleading effect of the errors in this prayer by the granting of prayers offered by them which correctly covered the whole case. *Shipley* v. *Shilling,* 66 Md. 558.

In reaching this conclusion we are not unmindful of the importance of observing great caution in holding that error in a prayer is not prejudicial, especially when the prayer goes to an ultimate finding.

Finding no reversible error in the rulings appealed from, the judgment will be affirmed.

*Judgment affirmed, with costs to appellee.*