## WILLIAM F. WEITZEL ET AL. *v.* GEORGE LIST.
### [No. 22, April Term, 1931.]

*Decided June 10th, 1931.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*William D. Macmillan,* with whom were *Semmes, Bowen & Semmes* on the brief, for the appellants.

*Allan H. Fisher,* with whom were *Baker & Orth* on the brief, for the appellee.

PATTISON, J., delivered the opinion of the Court.

In this case George List, the appellee, was struck and knocked down while walking across Madison Street, at Port Street, in the City of Baltimore, by an automobile driven by one of the appellants, William F. Weitzel, agent of the other appellant, Edward W. Weitzel, the owner of the automobile. The appellee brought suit against the Weitzels for the personal injuries he thereby sustained, and recovered judgment against them. It is from that judgment that this appeal was taken.

In the trial of the case exceptions were taken by the defendants only to the court's rulings upon the prayers. There

were three prayers offered by the plaintiff and eleven by the defendants. As shown by the record, "the court granted the plaintiff's first, second and third prayers and granted the defendants' first, second, third, fifth, sixth, seventh and eighth prayers, and refused the defendants' A, B, C and fourth prayers, to which action of the court in refusing the defendants' A, B, C prayers the defendants then and there excepted." The defendants' rejected A prayer was a demurrer to the evidence, while their B and C prayers asked for a directed verdict for the defendants because of the alleged contributory negligence of the plaintiff.

It appears from the record that, after the court had refused the defendants' A, B and C prayers, a conversation was had by it with the respective counsel for the plaintiff and defendants, in which the court asked counsel for defendants, "Is there any objection to the plaintiff's prayers?" His answer was "No." The plaintiff's counsel was then asked if he had any objection to the defendants' prayers. In his answer thereto he interposed objections to several of them. His objections to one of these prayers was removed by the defendants' counsel changing it to meet the objection made.

The objections made by the plaintiff's counsel were confined to the defendants' numbered prayers, and no allusion was made, either by the plaintiff's counsel or the court, to defendants' A, B and C prayers. As a result of the discussion between the court and plaintiff's counsel, the latter's objections were removed as to all the prayers of the defendants, except the first and fourth, whereupon the court refused the fourth and granted the first prayer. It was then, as disclosed by the record, that the defendants excepted only to the "action of the court in refusing the defendants' A, B and C prayers."

It is contended by the appellee that, because of the answer of defendants' counsel to the court's inquiry if he had any objection to plaintiff's prayers, the defendants' A, B and C prayers should not have been considered, for the reason, as claimed by the plaintiff, that such answer gave to his prayers the force and effect of conceded prayers, and, as those prayers

submitted the case to the consideration of the jury, the defendants' A, B and C prayers, asking for a directed verdict for the defendants, should not have been granted.

It has been held by this court from an early period that a conceded prayer becomes the law of the case (*Balto. & O. R. Co. v. Resley,* 14 Md. 424), and this is so whether the proposition of law contained in the prayer, and agreed upon by the parties, is right or wrong, and it is binding alike upon the parties and the court. *Baugher v. Wilkins,* 16 Md. 35, 77 Am. Dec. 279; *Phila., W. & B. R. Co. v. Harper,* 29 Md. 339. Consequently, any prayer offered in the case which is shown to be inconsistent with such conceded prayer should not be granted. *Rosenstock v. Ortwine,* 46 Md. 388; *Consolidated Ry. Co. v. State, use of O'Dea,* 91 Md. 510, 46 A. 1000; *Balto., C. & A. Ry. Co. v. Kirby,* 91 Md. 313, 46 A. 975; *Phila. & Balto. R. Co. v. Holden,* 93 Md. 419, 49 A. 625; *Hillers v. Taylor,* 116 Md. 172, 81 A. 286; *Groh v. South,* 119 Md. 302, 86 A. 1036; *Smith v. Brown,* 119 Md. 248, 86 A. 609; *City & Sub. Ry. of Wash. v. Clark,* 128 Md. 284, 97 A. 996; *Kelso v. Rice,* 146 Md. 276, 126 A. 93; *Prince George's County v. Timmons,* 150 Md. 522, 133 A. 322.

The question in this case, however, is not the effect of conceded prayers, but whether those of the plaintiff's, as claimed by him, are in fact conceded prayers and are to be so treated.

The prayers of both the plaintiff and defendants were submitted to the court without any concessions by either of the parties, and it was not until the court had decided and announced that it would reject the defendants' A, B and C prayers directing a verdict for the defendants, that their counsel was asked if he had any objection to plaintiff's prayers. His answer was made with the knowledge acquired from the court that these prayers were not to be granted, and that the case would be submitted to the jury for its consideration. He, we think, was justified in assuming that, in answering the question asked him, he was merely stating his opinion as to the correctness of the propositions of law

contained in plaintiff's prayers upon the submission of the case to the jury, with no intention of conceding the existence of the facts upon which those prayers were predicated. His view of the prayers of the plaintiff, expressed in frankness by him, cannot and should not, we think, be regarded as concessions giving the plaintiff's prayers the force and effect of conceded prayers. To hold otherwise would, in our opinion, not only be unfair to the defendants, but would extend the rule beyond what was contemplated by this court in its previous decisions.

This contention of the plaintiff being disposed of, the only remaining question is the correctness of the court's rulings in rejecting defendants' A, B and C prayers, asking, as we have said, for a directed verdict for the defendants.

The appellant, George List, plaintiff below, age fifty-nine years, who lived on the north side of Madison Street, No. 2318, testified that on the night of October 1st, 1929, a rainy night, he left his home and proceeded to walk easterly on the north side of Madison Street. Upon reaching Port Street, he crossed to the northeast corner of that street and Madison Street. While standing on the curb at that point, intending to cross to the southeast corner of Madison and Port Streets, he looked up and down Madison Street, east and west, and saw nothing coming from the east, but saw a bus coming from the west. It was at that time, west of Port Street, he saw nothing else moving in either direction upon the street. He then started south across the street to the southeast corner of Port and Madison Streets. After leaving the curb, he again saw the bus slowly approaching at the rate of about five miles an hour. It was then south of the center of Madison Street and about eight or ten feet from him. Madison Street at that point is thirty-nine feet and eight inches in width from curb to curb. He continued on his way, passing in front of the bus without being struck by it, but, just as he passed it, and before reaching the south curb of the street, he was struck and knocked down by a moving vehicle of some sort coming from the west, which was not seen by him. As a result of the blow, he became uncon-

scious and knew nothing more, until he gained consciousness, a few days thereafter, in the hospital.

There was evidence offered by the defendants greatly in conflict with the evidence of the plaintiff, but the credibility of the witnesses and the weight of the evidence was not for the court to determine. The decision of those questions was exclusively within the province of the jury. It was only for the court to determine whether the evidence offered in support of plaintiff's claim was of sufficient probative force to entitle it to be considered by the jury in deciding the issues presented, and in determining that question the court was to assume the truth of such evidence. In our opinion, this evidence was legally sufficient to go to the jury, tending to show the primary negligence of the defendant driving the automobile, causing the accident resulting in the injury to the plaintiff.

The plaintiff, at the time of the accident, was crossing from the northeast corner to the southeast corner of Madison and Port Streets, where, under the statute, he, a pedestrian, had the right of way. Section 209, article 56 of the Code. The evidence of the plaintiff was that before and while crossing this street he saw only the bus moving upon the street. It was coming from the west on Madison Street. He passed in front of the bus with safety, but was struck by a moving vehicle to the south and right of it, coming from the same direction upon Madison Street, his view of which, it seems, was obstructed by the bus. By the plaintiff's evidence, the driver of the automobile, by which plaintiff was struck, not only violated the rules of the road (1) in passing the bus at the intersection of the streets, and (2) in passing to the right of it (section 209, article 56), but he approached the intersection of the street with his vision of the crossing obstructed by the bus, and unable to see pedestrians, if any, crossing thereat, when it was his duty to approach the intersection with a clear vision of the crossing, in order to avoid, if reasonably possible, injury to those crossing the street at that point. *Merrifield v. Hoffberger,* 147 Md. 134, 127 A.

500; *Parr v. Peters,* 159 Md. 106, 150 A. 34. This evidence in support of plaintiff's claim was certainly legally sufficient to go to the jury to be considered by it, and, if from the evidence the plaintiff was guilty at all of negligence, it was not such negligence as would justify the granting of defendant's prayers asking for a directed verdict, because of contributory negligence of the plaintiff. We, therefore, find no error in the court's rulings, and the judgment of the court will be affirmed.

*Judgment affirmed, with costs.*