MORRIS SHAIVITZ ᴇᴛ ᴀʟ. *v.* JACOB ETMANSKI.
[No. 90, October Term, 1932.]

*Decided January 19th, 1933.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Foster H. Fanseen,* with whom was *Charles F. Goldberg* on the brief, for the appellants.

*Morris D. Hyman* and *H. Harry Rosenberg,* for the appellee.

ADKINS, J., delivered the opinion of the Court.

Jacob Etmanski, the appellee, while walking at night in a westerly direction on the north side of Eastern Avenue and attempting to cross Patterson Park Avenue, was struck and injured by a truck belonging to appellants going north on Patterson Park Avenue. According to the testimony of the plaintiff, he started to cross Patterson Park Avenue, the green light being in his favor, and got to the center of that street, when an automobile, coming from the north, stopped in front of him on the crossing line with another car immediately in the rear. Witness said that, when he stopped and stood there, he had ten feet to go to get all the way across the street; that the truck came from the south and hit him; that the light was yellow after he was hit; that he had taken only two steps forward after he stopped before he was hit; that he looked to the left (south) before he started to cross the street, and did not see anything coming; that he could see south on Patterson Park Avenue two squares or more. Other witnesses for plaintiff testified that the car which stopped in front of plaintiff stopped across the line of the crossing; that on the change of the light to green for north and south traffic the cars which caused plaintiff to stop moved, and defendant's truck coming from the south struck plaintiff while he was still standing on the crossing. There was testimony that the truck was moving at from twenty to twenty-five miles an hour as it crossed the intersection. Testimony on behalf of defendant was that the truck had turned into Patterson Park Avenue one block south of Eastern Avenue; that at the crossing it was moving from twelve to fifteen miles an hour; that the driver saw defendant standing in or near the middle of the street and, when the truck got within ten feet of him, he took several steps back in front of the truck. The testimony of the physician who attended plaintiff was that plaintiff had made considerable progress, but that the witness did not think he would be able to do any work that would put any strain on his back or pelvis; that he would have to continue the use of the back support; that in time he might do some light work.

This appeal is from the judgment on a verdict in favor of the plaintiff. The only bill of exception is to the granting of plaintiff's first, second, and third prayers, and to the refusal of defendants' A, third and fourth prayers.

We find no reversible error. None is seriously urged except in the granting of plaintiff's second prayer and the refusal of dfendants' A and fourth prayers.

Plaintiff's first and third prayers are the stereotyped form of prayers in negligence cases; the first was as to the requirements for a verdict for plaintiff, and the third as to the measure of damages. The objection raised to the third is that there was no evidence of permanent injury, but what is said above in regard to the doctor's testimony shows that this objection is untenable. Besides, there was no special exception. Plaintiff's second prayer is a last clear chance prayer. It is objected to this prayer that a last clear chance prayer is not applicable to the facts of this case, and that in any event the prayer does not correctly state the law as announced in *United Rys. Co. v. Sherwood Bros.*, 161 Md. 304, 157 A. 280. What we said in that case applied to the facts of that case. Of course, we did not say or imply that a defendant could run down a pedestrian, even if he were negligent, merely because he failed to extricate himself from danger when he could have done so, if there were any conditions which should have warned the defendant, in the exercise of due care, that the pedestrian would not extricate himself. In that case we were dealing with an injury resulting from a collision between a truck and a street car, and we held that the case should have been withdrawn from the jury either because there was no evidence of primary negligence or because of contributory negligence, and held that, if there was evidence of primary negligence, it was clearly a case of concurrent negligence, and that the last clear chance doctrine was not applicable. The majority of the court find that there was some evidence in the present case justifying the submission of that question to the jury—in which view the writer does not concur, for the reason that, in his opinion, on plaintiff's evidence he was not guilty of negligence at all, and on de-

fendants' evidence there was not time after their driver discovered plaintiff's peril to prevent the accident. As to the form of the prayer, a similar prayer was approved in *United Rys. & Elec. Co. v. Watkins,* 102 Md. 264, 62 A. 234 and *United Rys. & Elec. Co. v. Kolken,* 114 Md. 160, 78 A. 383, and the granting of an almost identical prayer was affirmed by a divided court in *Coplan v. Warner,* 158 Md. 463, 149 A. 1.

We do not find, as urged by appellant, that the prayer assumes certain facts; but, if it did, there was no special exception.

Defendants' A prayer asked for a directed verdict on the ground of contributory negligence. On plaintiff's testimony, there was no such reckless conduct on the part of plaintiff as would have warranted the court in characterizing it as negligent as a matter of law. He testified that he looked to the south before starting to cross the street. It is quite possible that the truck was not then in sight, as it only came into Patterson Park Avenue one block south of Eastern Avenue. It was not negligent for him then to have attempted to cross, or to have halted on the crossing when his passage was obstructed by a car which was held up by a signal light. The right of way given him at the start continued until he got over, if he used reasonable expedition, and it could not be said to be negligence as a matter of law that he did not continue to look to the south, if he looked before entering upon the crossing. He was entitled to rely upon the defendants respecting his right of way. *Merrifield v. Hoffberger,* 147 Md. 134, 127 A. 500; *Deford v. Lohmeyer,* 147 Md. 472, 128 A. 454; *Panitz v. Webb,* 151 Md. 639, 135 A. 406; *Weitzel v. List,* 161 Md. 28, 155 A. 425; *Railway Express Agency, Inc., v. Little* (C. C. A.), 50 F. (2nd) 59, 75 A. L. R. 963; *Riddel v. Lyon,* 124 Wash. 146, 213 P. 487, 37 A. L. R. 486; *Griffith v. Slaybaugh,* 58 App. D. C. 237, 29 F. (2nd) 437; 42 *C. J.,* page 971 and cases there cited.

Defendants' third prayer was properly refused for reasons stated in considering plaintiff's third prayer. Defendants'

130

fourth prayer assumes that plaintiff failed to cross Patterson Park Avenue at the place usually designated for this purpose. It is misleading in the inference the jury might draw that plaintiff had not the right to cross the street except at a regular crossing, and it does not require the jury to find that plaintiff crossed the street negligently. It "sought to confine the jury to 'the direct and proximate cause' of the accident * * * in words that could hardly serve to give any instruction to the jury on the difficult question before them." *United Rys. & Elec. Co. v. Perkins,* 152 Md. 105, 136 A. 50, 54.

The reporter is requested to set out plaintiff's second and defendants' fourth prayer.

*Judgment affirmed, with costs.*